————o————

55   33
49a 533

~Adam Howenstein, Respondent, *vs.* Pacific R. R. Co., Appellant.

1. *Railroads—Crossing—Killing of stock—Prima facie case—How made out—How rebutted.—Double damages.*—Proof that stock were killed at a road crossing by a railroad train and that the bell was not rung, and the whistle not sounded, for an interval of eighty rods from the crossing, as required by statute, (Wagn. Stat., p. 310, § 38,) is sufficient to make out a *prima facie* case against the company, without further evidence that its employees and servants were guilty of negligence which caused the damage. In order to free itself from liability, the company must show that it has discharged every duty imposed by law ; unless it be shown that the injured party has in some

way contributed to the injury, or the circumstances rebut the presumption that the injury resulted from neglect of duty on the part of the company. In suit under the above statute, judgment for double damages would be improper.

*Appeal from Johnson Court of Common Pleas.*

*J. N. Litton,* for Appellant.

I. The burden is on the plaintiff to establish, that the neglect to ring the bell was the cause of the injury to the horses. The mere fact that the bell was not rung, does not of itself prove that, if it had been, the horses would not have been struck. There must be affirmative evidence of that fact. That is not only the law, but was the well settled construction of this statute when it was adopted. (See 1 Redf. Railw., p. 480, § 29 ; Ill. R. R. Co. vs. Phelps, 29 Ill., 447 ; Galena R. R. vs. Loomis, 13 Ill., 548 ; Galena R. R. vs. Dill, 22 Ill., 266 ; Mich. & South. R. R. vs. Fisher, 27 Ind., 96.)

II. What a jury might have inferred from the circumstances of the case cuts no figure in this case, because all the facts are admitted of record, and when that is the case the questions are entirely of law. (See 50 Mo., 44 ; also Barton vs. I. M. R. R., 52 Mo., 253.)

*Ewing & Smith,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was commenced before a justice of the peace, where judgment was rendered for the plaintiff. From that judgment the defendant appealed to the Johnson Court of Common Pleas, where judgment was again rendered in favor of the plaintiff, from which the defendant appealed to this court.

· The cause of action filed before the justice charges that the defendant is a body corporate, and upon the 24th day of October, 1870, was the owner of a certain railroad known as the Pacific Railroad, together with locomotives, cars, etc. ; that on said day, while two horses, the property of the plaintiff, and of the value of $150, were traveling along the public highway, from the house of plaintiff to their pasturing grounds

on the commons,which said highway is known as the Patrick road,and crosses said railroad at or near the western boundary line of the town of Warrensburg, in the county of Johnson, and as said horses had reached said crossing, the defendant carelessly and negligently caused one of its locomotives with a train of cars attached thereto, to approach said crossing and pass rapidly over the track of said railroad, carelessly and negligently omitting, while so approaching said crossing, to give any signal, by ringing the bell of said locomotive or sounding the steam whistle thereon, as required by the 38th section of chapter 63, of the General Statutes of the State of Missouri; that by reason of said negligence of the defendant, and without any fault or negligence on the part of the plaintiff, the said locomotive struck plaintiff's said horses and wounded and killed the same until they were of no value whatever, by which plaintiff was damaged and judgment is prayed for the sum of $150.

It is admitted by the parties that the following statement comprehends all of the material evidence in the cause, to-wit: "that the defendant is an incorporated company, as charged, and was the owner of and operating said Pacific railroad at the time of the wounding and killing of plaintiff's horses; that on the night of the killing and wounding (October 24th, 1870,) the evening passenger train going east, while passing with usual speed along said road, omitting to ring the bell or blow the whistle while approaching that point on said railroad where what is known as the Patrick road—a public highway— crosses said railroad, and did pass over said crossing without ringing the bell or blowing the whistle; that the crossing is about one-fourth of a mile from the depot at Warrensburg; that the train going east is on a heavy up-grade; that a short time after said train passed over said crossing the horses of plaintiff were found by the side of the railroad track, one of them dead, and the other injured to such an extent as to be worthless; that the horses had the appearance of having been struck by the locomotive; that the horses were at the time running at large; that said Patrick road crossed said railroad

at a point near and within the western limits of the town of Warrensburg, in the township of Warrensburg, Johnson county, State of Missouri; that the horses were of the reasonable value of $150, and were the property of the plaintiff."

This being all the evidence in the case, the court at the request of the plaintiff, declared the law to be as follows:

"That if it is proved by the evidence that the horses referred to were the property of the plaintiff, and they were struck by the locomotive or cars of defendant, and injured to such an extent as to kill one and wound another, then the verdict must be for the plaintiff, if it is also proved that the bell attached to the locomotive engine was not rung at least at a distance of eighty rods from the place where the said Pacific Railroad crosses said Patrick road and kept ringing until it crossed said road or street, or that the steam whistle attached to said engine was sounded at least eighty rods from said crossing, and sounded at intervals until said Patrick road was passed."

The defendant objected to said declaration of law and the objection being overruled, excepted.

The court, at the request of the defendant, declared the law as follows:

1. "If the court hearing the cause should believe from the evidence that the animals strayed upon the track of defendant, within the corporate limits of Warrensburg, and were injured or killed, yet the defendant is not liable for damages for the injury or killing of the animals by one of its locomotives, engines or cars upon a crossing of a public street or at any other point upon the track within the corporate limits of said town, unless the owners of such locomotive, engine or cars were guilty of negligence."

2. "The law does not require the defendant to erect and maintain fences on either side of the track within the corporate limits of towns or cities."

3. "If the court should find from the evidence that the engineer in charge of the locomotive at the time the animals were injured and killed, did not ring the bell or sound the

whistle attached to the locomotive within eighty rods of the place where said railroad crosses the road or street in said corporation, on which said animals may have been injured or killed, even then the court will find for defendant, unless the plaintiff shall prove that the damages sustained by him in the killing and injuring of the animals was occasioned by the failure of the engineer to ring the bell and sound the whistle."

4. "Although the court shall find from the evidence that said animals were on the road-bed of defendant, and were in some way injured and killed at or near said bed, yet that is not enough within itself to subject the defendant to damages for such injury and killing, unless it is further proved to the satisfaction of the court sitting in trial of the cause as a jury, that said animals were actually struck by the locomotive or cars and thereby injured and killed."

The court found the issues for the plaintiff and assessed the value of the horses at $150, and rendered a judgment in plaintiff's favor for $300, double the amount of the damages found.

The defendant then filed a motion for a new trial, stating as cause therefor, that the court had wrongly declared the law and that the judgment was against both the law and the evidence. This motion was by the court overruled, and the defendant excepted and appealed to this court.

The only question presented for consideration in this court, grew out of a declaration of law given by the court, and out of the fact that the court rendered a judgment for double damages. It is insisted by the defendant, that it was not sufficient on the part of the plaintiff for him to show that the defendant in approaching a road crossing omitted to ring the bell or sound the whistle, and that the plaintiff's horses were killed by the locomotive at said crossing; but that the plaintiff must also affirmatively show by the evidence that the servants of defendant were guilty of negligence and that it was the negligence thus committed, that caused the injury to plaintiff's horses. It is therefore insisted, that the first declaration of law made by the court was improper, as the court omitted to declare therein that the negligence of the defendant must have caused the injury in order to make the defendant liable.

If the position taken by the defendant were true, then by taking the declaration of law given for the plaintiff in connection with the first declaration made at the request of the defendant it would be proper; but I do not think that the position is correct. The law requires that a bell shall be placed on each locomotive engine, and be rung at a distance of at least eighty rods from the place where the railroad shall cross any traveled public road or street, and be kept ringing until it shall have crossed such road or street, or that a steam whistle shall be sounded in like manner; and it is further provided that the corporation shall be liable for all damages which shall be sustained by any person by reason of a neglect to perform this duty. The law requires that the bell shall be rung or the whistle sounded, in order to the protection of persons who are traveling along, or passing over the railroad upon the highway, and for the protection of teams and other stock passing along the highway as well as for the protection of passengers who might be injured by collision, which might otherwise take place at these public crossings. It is presumed that by the timely warning provided, persons and stock passing on the highway will escape from the railroad and prevent a collision and the consequent damages resulting therefrom. In the case of persons passing on the highway, it is easy to see how the warning to be given would prevent any injury, and the same result would follow to a great extent by the warning given by the bell to horses or other stock. It is not unlawful in this State to permit horses to run at large on the commons. And railroad companies are made liable for injuries to persons or property when willfully done or resulting from gross neglect of duty. In order to free themselves from liability, the company in a case where any injury has been inflicted must show that it has discharged every duty imposed by law. An omission to perform a duty imposed by law will create a liability unless it is shown that the injured party has in some way contributed to the injury, or unless the circumstances rebut the presumption that the injury resulted from the neglect of duty on the part of the company. (Great

West. R. R. Co. vs. Geddes, 33 Ill., 304; Aubuchon vs. St. L. & I. M. R. R. Co., 52 Mo., 522. Fickle; vs. The St. L., K. C. & N. R. R. Co., *ante* p. 219.)

A different rule is established, or seems to be established in Indiana, (27 Ind., 96). The learned judge delivering the opinion of the court in that case, assumes that the railroad company was in the lawful use of its own property, and the injury was not the natural result of its act, and therefore the company was not liable. The learned judge seems to forget that he is assuming an act to be lawful which is positively prohibited by the statute.

If it was in fact lawful to approach a public crossing with a train of cars at full speed without ringing the bell, the conclusion arrived at would be correct; but it is the unlawfulness of the act that creates the liability.

The first three instructions given by the court on the part of the defendant, were more favorable to the defendant than in strictness he was entitled to. Under the facts of the case there is no evidence to show that the horses were killed within the limits of a city or an incorporated town, or that the town was an incorporated town at which the accident occurred; nor was it material in this case whether the road was fenced or unfenced, but as the declarations of law were favorable to the defendant, he has no right to complain.

The other objection made by the defendant to the judgment rendered by the court below, has more force. There is nothing in the sections of the statutes under which this action was brought, to authorize the court to render a judgment for double the amount of the damages found; and without some special provision to the contrary, single damages only can be recovered. Therefore for the reason that the court improperly rendered judgment for double damages, the judgment must be reversed, and judgment will be rendered in this court for the sum of one hundred and fifty dollars, the sum admitted by the parties to be the reasonable value of the horses killed and injured.

The plaintiff below is to be taxed with the costs incurred since the judgment below. The other judges concur.