ROBERT STONEMAN, Respondent, *vs.* THE ATLANTIC & PACIFIC R. R. Co., Appellant.

1. *Railroads—Killing of stock—Negligence.*—Although failure of the persons in charge of a railroad train to ring a bell or blow a whistle when within eighty rods of a public crossing is negligence, yet, such negligence is not, by itself, sufficient to authorize a recovery for damages for an animal killed at such place, unless it is shown by sufficient testimony, that such killing was attributable to such negligence.

### Appeal from Newton Circuit Court.

*J. N. Litton,* for Appellant, cited Great West. R. R. vs. Geddis, 33 Ills., 307; Skouten vs. Wood, 57 Mo., 380; Galena & Chicago R. R. vs. Loomis, 13 Ills., 548; 1 Redf. R. W., 478, § 128–9; Sh. & Redf. Neg., 564, § 485a; Steves vs. O. & S. R. R., 18 N. Y., 425; Pittsburg vs. Karris, 13 Ind., 89; C. & R. I. R. R. vs. McKim, 40 Ills., 229; Karle vs. K. C., St. J. & C. B. R. R., 55 Mo., 483; Toledo R. R. Co. vs. Foster, 43 Ills., 417.

*J. C. Cravens,* for Respondent, cited Wagn. Stat., 310, § 38; Robback vs. Pac. R. R., 43 Mo., 187; Biglow vs. N. M. R. R. 48 Mo., 510; Tabor vs. Mo. Valley R. R., 46 Mo., 353; Gorman vs. Pac. R. R., 26 Mo., 441; Burton vs. N. M. R. R., 30 Mo., 372; Calvert vs. Hann. & St. Jo. R. R., 34 Mo., 242; Calvert vs. Hann. & St. Jo. R. R., 38 Mo., 467; Powell vs. Hann. & St. Jo. R. R., 35 Mo., 457; Brown vs. Hann. & St. Jo. R. R., 33 Mo., 309.

NAPTON, Judge, delivered the opinion of the court.

This action was brought under the 38th section of the corporation act (1 Wagn. Stat., p. 310) to recover the value of a horse killed by a locomotive of defendant at the crossing of a county road.

The only question presented here is as to the propriety of the instruction given by the court to the jury, which was as follows:

" The court instructs the jury, that if they believe from the evidence, that on the 13th day of September, 1873, the plain-

tiff's roan mare was struck by defendant's engine, while running one of its trains and killed, and that said mare, at the time of the killing, was on a public road which was crossed by defendant's track, and that defendant failed to ring or cause to be rung a bell, when at a distance of at least eighty rods from said crossing, and to continue to ring such bell until said engine and train had crossed such road; or if they believe that the defendant or its agents failed to sound a steam whistle attached to the engine, when at least eighty rods from such crossing, and continued to sound such whistle at intervals until the engine and train had crossed the said road, they will find for the plaintiff."

And the court refused to give the following instruction asked by defendant:

"The fact of the killing of the animal by defendant's engine at a public road crossing does not raise the presumption that the killing was the result of negligence on the part of the defendant's servants, unless the jury shall find that the failure to ring the bell or sound the whistle upon approaching such road crossing was the direct cause or occasion of such killing, and that the same would not have occurred if such whistle and bell had been sounded and rung."

The statute, which requires the ringing of bells or sounding of a steam whistle under specified circumstances, declares that the corporation shall be liable for all damages which shall be sustained by any person by reason of such neglect.

The instruction given was defective in not leaving to the jury to find whether the damages resulted from the negligence of the defendant in failing to ring the bell or sound the whistle. Of course, if the damage had no connection with the negligence, the defendant was not responsible, and the instruction asked by defendant should have been given, or the first instruction should have been modified and qualified so as to leave the question to the jury.

As a matter of law, the court correctly declared the failure to ring the bell or sound the whistle at the point designated was negligence, but whether that negligence occasioned the

damage complained of was a question of fact, upon which the jury had a right to pass. The court had no right to declare, as a matter of law, that the jury had nothing to find but the killing of the animal at a crossing of a public highway, and the failure of the company to have the bell rung or the whistle sounded. There may have been no connection, whatever, between the negligent omissions and the damage, and the very terms of the statute under which the suit is brought . clearly indicate that the damage must be the result of the negligence. This was so held in Karle vs. K. C., St. Jo. & C. B. R. R., (55 Mo., 483,) in which it is said:

" The three instructions which declared a failure of the defendant to observe the regulations of the city ordinance in relation to the speed of trains, keeping head-lights and ringing the bell, to be negligence *per se*, were undoubtedly correct. These were violations of an express law, and of course amounted to negligence. It does not follow, however, nor was the jury so instructed, that these violations of law, or any one of them, made defendant liable ; for in this, as in the other instructions, the qualification announced in the first and principal instruction on negligence, that this negligence caused · the injury, was necessarily implied."

Nor does the case of Howenstein vs. The Pacific R. R. Co., decided at the same term and reported in the same volume, announce any different doctrine. The third instruction given in that case for defendant was this :

" If the court should find from the evidence, that the engineer in charge of the locomotive at the time the animals were killed did not ring the bell or sound the whistle within eighty rods, etc., then the court will find for defendant, unless the plaintiff shall prove that the damage sustained by him in the killing, etc., was occasioned . by the failure of the engineer to ring the bell and sound the whistle.

It is said in the opinion, that the three first instructions given for defendant were rather more favorable to defendant than he was entitled to, but the subsequent comments on them show that the judge delivering the opinion had refer-

ence only to the first two instructions, and not to the third. The main question examined in that case was as to the evidence necessary to make a *prima facie* case, and we think the decision gives no countenance to the position that the railroad company was responsible for damages which did not result from their non-compliance with duties imposed by the statute.

The instruction in this case was clearly wrong. The question as to the proof necessary to show the connection between the negligence of failing to ring the bell and sound the whistle, and the loss sustained, is another matter, upon which the opinion of the court in Howenstein vs. Pac. R. R. Co., (55 Mo. 33), is in point.

Judgment reversed and remanded; the other judges concur except Judge Vories, who is absent.