SEBRON J. HOLMAN, Respondent, *vs.* THE CHICAGO, ROCK IS-
LAND & PACIFIC RAILROAD COMPANY, Appellant.

1. *Evidence—Railroads—Killing stock at crossing of public highways—Statute,
construction of.*—When it is alleged that stock was killed by a train of cars,
where the railroad crossed a public highway, because the bell was not rung or
the whistle sounded (Wagn. Stat., 310, § 38), all the facts and circumstances
must be proved, so that the jury can determine whether the killing was due
to such neglect. (Stoneman vs. Atl. & Pac. R. R., 58 Mo., 503.)

2. *Practice, civil—Trials—Railroads—Injury to stock—Instructions by court—
Evidence, lack of.*—Where the only proof in a suit against a railroad for kill-
ing stock at a public crossing is the death of the animal, and the failure of the
railroad to ring the bell or sound the whistle, it is the duty of the court to de-
clare as a matter of law that the plaintiff cannot recover. (Owens vs. Hann. &
St. Jo. R. R., 58 Mo., 386; Howenstein vs. Pac. R. R., 55 Mo., 33, con-
sidered.)

### Appeal from Clinton Circuit Court.

*Shanklin, Low & McDougal,* for Appellant.

I. The fact, that defendant's employee failed to ring the
bell or sound the whistle on the train that killed plaintiff's
cow, is not of itself sufficient to make the company liable.
(Wagn. Stat., 310, § 38; Stoneman vs. A. & P. R. R. Co., 58
Mo., 503; Karle vs. Kansas City, St. Jo. & C. B. R. R., 55
Mo., 483; Ills. Cent. R. R. Co. vs. Phelps, 29 Ill., 447; C.,
B. & Q. R. R. Co., vs. McKean, 40 Ill., 218; Rockford, etc.,
R. R. Co. vs. Linn, 67 Ill., 109; Ch. & A. R. R. Co. vs.
Henderson, 66 Ill., 494.)

*Wm. Henry,* for Respondent.

I. When negligence is clearly shown, and an injury has
actually occurred, it is reasonable *prima facie* to refer the
injury to such acts or negligence without requiring further
proof. (Johnson vs. Hudson R. R. R. Co., 20 N. Y., 65;
Gt. West. R. R. Co. vs. Geddis. 33 Ill., 304; Howenstein vs.
Pac. R. R. Co., 55 Mo., 33; Walther vs. Pac. R. R. Co., 55
Mo., 271; Stoneman vs. Atl. & Pac. R. R. Co., 58 Mo., 503;
Owens vs. Hann. & St. Jo. R. R. Co., 58 Mo., 386.)

Hough, Judge, delivered the opinion of the court.

This was an action to recover damages for the killing of a cow, belonging to the plaintiff, by a train on defendant's railroad in a street of the town of Cameron.

The evidence given at the trial is stated in the bill of exceptions in the following language : " The plaintiff, to maintain the issues on his part, introduced evidence tending to show, that the bell was not rung, nor the whistle sounded on the train mentioned in his statement, as it approached and ran over the cow in controversy ; that the cow was killed on defendant's railroad on a public traveled street of the town of Cameron, in Shoal township, by a train on said railroad, and that said cow was worth thirty-five dollars. The defendant introduced one Kiley, who testified that he was the conductor on said train, and that the bell was rung and the whistle sounded. This was all the evidence offered."

It will not be necessary to notice the instructions given and refused. There was a verdict and judgment for the plaintiff, and the defendant has brought the case here by appeal.

The statute in relation to railroad corporations, which requires the bell on the locomotive to be rung, or the steam whistle to be sounded, before reaching and while crossing any traveled public road or street, provides a penalty for the neglect of such requirement, and further declares that the corporation shall be liable for all damages which shall be sustained by any person by reason of such neglect. Conceding that the servants of the defendant neglected to ring the bell or sound the whistle, the question is, whether there is any evidence tending to show that the cow was killed by reason of such neglect.

In the case of Stoneman vs. Atl. & Pac. R. R. Co., 58 Mo., 503, it was said, on the point in judgment, that " the court had no right to declare as a matter of law, that the jury had nothing to find but the killing of the animal at the crossing of a public highway, and the failure of the company to have the bell rung or the whistle sounded. There may have been

no connection, whatever, between the negligent omission and the damage; and the very terms of the statute, under which the suit is brought, clearly indicate that the damage must be the result of the negligence."

The foregoing extract clearly asserts, that there is no necessary connection between the failure to ring the bell or sound the whistle, and the killing; that both may concur in point of time, and the latter not be the result of the former. How then must the connection be shown? By evidence, undoubtedly. Who must produce such evidence? The party who asserts that such connection exists. The damage must be shown to be the result of the negligence; that is, the negligence must first be shown, and this fact must be supplemented by testimony tending to show that the negligence occasioned the damage. This testimony should consist of all the facts and circumstances attending the killing, so that the jury could fairly and rationally conclude whether it resulted from the failure to ring the bell or sound the whistle, or from other causes. In the case at bar no such testimony was offered, but two facts were shown to fix the defendant's liability, the failure to give the required signal at the crossing, and the killing. No fact was shown tending to connect the two. If the plaintiff can recover on the evidence embodied in the bill of exceptions, it must be, because it is only necessary for the jury to find the killing of the animal on the highway, and the failure to ring the bell or sound the whistle, for there is no testimony from which they can find more. But this, we have seen, is not sufficient. Upon the case made, it was the duty of the court to declare as a matter of law that the plaintiff was not entitled to recover.

This conclusion has been reached after a careful consideration of the case of Owens vs. Hann. & St. Jo. R. R. (58 Mo., 386), and Howenstein vs. Pac. R. R. (55 Mo., 33.)

The judgment must be reversed and the cause remanded. All the judges concur, except Judge Vories, who is absent.