EDWARDS v..THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroad**: KILLING STOCK: PLEADING AND EVIDENCE. The plaintiff's statement charged the defendant with negligently and carelessly running over and killing plaintiff's cow by failing to ring the bell or sound the whistle at a public crossing, "and by otherwise negligently and carelessly operating its locomotive and cars." *Held*, that evidence of other acts of negligence besides failure to ring the bell and sound the whistle was properly admitted under this statement.

2. **Mapes v. Chicago, Rock Island & Pacific Railway Company**, *ante*, p. 367, affirmed.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*M. A. Low* for appellant.

*William D. Hamilton* for respondent.

RAY, J.—This suit was commenced by plaintiff before a justice of the peace, to recover damages for the killing of his cow by the defendant, where he had judgment. The defendant appealed to the circuit court, where the plaintiff again had judgment, from which the defendant appealed to this court.

At the trial the evidence showed that the cow was killed at a public crossing, by a locomotive and train of defendant's cars; and that, as the train approached the crossing, the bell was not rung, and the steam whistle was not sounded, until the engine was within one to three rods of the public crossing where the cow was killed, and that as the train approached, the cow was standing in full view upon the railroad track, on the public crossing. The plaintiff then offered to prove negligence in the running of the train and on the part of the servants of defendant in charge of said train, other than the constructive negli-

gence implied by a failure to ring the bell or sound the whistle; to the introduction of which, defendant objected for the reasons: 1st, That such evidence was incompetent, irrelevant and immaterial. 2nd, That under plaintiff's statement no evidence of negligence was admissible, except such negligence as would be implied by a failure to ring the bell or sound the whistle, (testimony tending to prove such statutory negligence having already been given by plaintiff.) These objections were overruled by the court, and the plaintiff proceeded to give evidence tending to show that the defendant, while running its locomotive and train, did otherwise, negligently and carelessly run and operate its said locomotive and cars, over its said road, and thereby run over and kill said cow of plaintiff. The statement of plaintiff's cause of action is, "that on or about the 1st day of September, 1878, defendant, while running its locomotive and train of cars over its road in Colfax township, Daviess county, Missouri, where a public highway crosses the same, in said township, did negligently and carelessly, by failing to ring the bell or sound the whistle, and by otherwise negligently and carelessly operating its locomotive and cars, over its said railroad, run over and kill a certain white cow, about five years old, of the value of $30, the property of plaintiff, by reason of which plaintiff is damaged in the sum of $30."

It will be perceived that the right to recover is not based alone upon the failure to ring the bell or sound the whistle, but upon that in connection with other acts of negligence and carelessness, in the running, management and operation of its locomotive and train of cars over its said road, and that all these combined, constitute the cause of action stated in the petition. It is a statement of a cause of action at common law, and the evidence objected to was properly admissible to establish the same.

At the close of the evidence the court gave the following instructions for plaintiff, over the objection of defendant:

1. The court instructs the jury, on the part of plaintiff, that if they believe from the evidence that the parties in charge of the train of cars failed to sound the whistle eighty rods from the crossing, and to continue to sound it, at intervals until said train reached said crossing, or to ring the bell eighty rods from said crossing, and continue to ring the same, at intervals, until said train reached said crossing, and the jury further believe that the killing of said cow resulted from such failure to sound the whistle or ring the bell, they must find for plaintiff.

2. If the jury find for plaintiff, they will assess his damages, at what they find from the evidence said cow was reasonably worth at the time she was killed.

The defendant asked the following instructions:

1. Under the statement and the evidence in this case, the jury must find for the defendant.

2. Evidence that the defendant's employes, in charge of the locomotive and train, failed to ring the bell or sound the whistle, on the train in proof, is not sufficient to authorize a recovery. Such evidence must be supplemented by other proof showing that if such signals had been given the animal in question would not have been injured.

3. Unless the jury find from the evidence, that the cow in proof was killed by reason of neglect of the defendant's employes, in charge of the train, to ring the bell or sound the whistle, they will find for defendant.

The court gave the third, and refused the first and second, to which the defendant excepted.

This case in all its essential particulars, of statement of cause of action, evidence, objections, rulings and instructions, is substantially like that of *Mapes v. Chicago, Rock Island & Pacific R'y Co., ante,* p. 367, except that the position of the parties, and the form of the objections, are somewhat changed to suit the questions as they arose, but in this difference, there is nothing materially variant between the facts or principles governing the two cases. That case

26—76

and the reasoning of the court, in its opinion, to which reference is here had, must be accepted as decisive of this. For these reasons the judgment is affirmed.   All concur.