BRAXTON v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroads**: FAILURE TO RING AND WHISTLE: ACTION UPON THE STATUTE FOR DAMAGE TO CATTLE. To fix upon a railroad company liability under section 38, page 310, Wagner's Statutes, (R. S. 1879, ¿ 806,) for killing cattle, it is not sufficient to show that the cattle were killed by the train at a public crossing, and that the company's servants failed to ring the bell or sound the whistle in approaching the crossing, as required by that section. Evidence must also be given to show that the killing resulted from the failure to ring or whistle. Compare *Alexander v. Hann. & St. Jo. R. R. Co.,* 76 Mo. 494. NORTON, J., dissented.

2. ———— : ————. If the evidence fails to show this, the plaintiff cannot recover by proving other negligence of the company, which, concurring with that omission of duty, occasioned the injury.

3. ———— : ————: ACTION AT COMMON LAW FOR DAMAGE TO CATTLE. In a common law action against a railroad company for negligently killing cattle, the plaintiff may prove any negligence of the company tending to produce the injury, including in a case where the killing occurred at a public crossing, failure of the company to ring the bell or sound the whistle.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*Homer B. Leach* for respondent.

HENRY, J.—This action was commenced before a justice of the peace by plaintiff to recover damages for the killing of his cow by a train of defendant's cars. The statement filed contained two counts, one based upon the 38th section of article 2, chapter 37, Wagner's Statutes, and the other a common law count for negligence. Plaintiff had judgment successively in the justice's court and in the circuit court, and from the latter this appeal is prosecuted.

The animal in question was killed just before daylight on a public crossing. No one witnessed it, except the train men, none of whom were called to testify. The fact of the failure to sound the whistle or ring the bell, as required by statute, was proved, and that the cow was killed on the railroad where it crossed a public road, was admitted. There was also evidence to show that for two or three days prior to the killing of this cow some hay left on the track and on the side of the track at that point by parties who shipped fruit trees over the road, was permitted to remain and was still there when the cow was killed, and that when found she had hay in her mouth.

This was all the evidence in the case, and the court instructed the jury properly as to defendant's duty under section 38. It also declared to the jury that no negligence on the part of defendant was shown in leaving the hay on the crossing, and that plaintiff was not entitled to recover on the second count of his statement. It also properly refused one asked by defendant, that admitting all the evidence offered by plaintiff to be true, the jury should find for defendant. This applied to both causes of action in the statement, and, as we shall hereafter show, should not have been given as to the second count. And for the same reason, the instruction given by the court, with respect to

the hay left on the track, was erroneous. The court refused an instruction asked by defendant, declaring that although there was a failure to ring the bell or blow the whistle, as required by the statute, and the cow was killed on the crossing, yet this was not sufficient evidence to entitle the plaintiff to recover. This was probably refused because it had already been declared in the instruction for plaintiff, in which the jury were told, that although they might find that the servants on the train neglected to blow the whistle or ring the bell, yet unless they should find that the striking and killing of the cow resulted from such negligence, they should find for defendant.

The court also refused the following asked by defendant : "There being no evidence to show that the failure 1. RAILROADS: failure to ring and whistle: action upon the statute for damage to cattle. to ring the bell or sound the whistle caused the injury, the verdict must be for defendant on the first count."

This declared the law as held by this court in *Holman v. R. R. Co.*, 62 Mo. 563, and *Stoneman v. R. R. Co.*, 58 Mo. 503, in which the court said : "There may have been no connection whatever between the negligent omission and the damage ; and the very terms of the statute, under which the suit is brought, clearly indicate that the damage must be the result of the negligence." That section requires the bell to be rung or the whistle sounded, at least eighty rods from the place where the railroad crosses any traveled public road or street, the bell to be rung continuously, or the whistle to be sounded at intervals until the locomotive shall have crossed such road or street—and also provides, in addition to a penalty to be recovered by an informer, that the company "shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

In a suit under this section by one injured in person or property, if the evidence fails to show that the injury 2. ——: ——. resulted from the neglect of the statutory duty, the plaintiff cannot recover by proving other negli-

gence of the company, which, concurring with that omission of duty, occasioned the injury. Evidence of other negligence or carelessness is irrelevant and inadmissible. In *Cary v. R. R. Co.*, 60 Mo. 209, and *Crutchfield v. R. R. Co.*, 64 Mo. 256, it was decided that in an action under the 43rd section of the Corporation Act, there could be no recovery for an injury resulting from negligence in the management of the train. The reason for that decision is equally applicable to an action based upon the section under consideration. One cannot base an action upon the statute and recover on a cause of action not alleged. If he cannot prove the connection between the omission of the statutory duty and the injury complained of, and can only establish a right of action by evidence of other negligence, he must resort to his common law action. The evidence with respect to the hay proved only what was admitted, that the cow was killed at the crossing, and under the decisions above cited, this was not sufficient to warrant a verdict for plaintiff.

The court erred in declaring that plaintiff was not entitled to recover on the second count. Under that count

3. ——: ——: *action at common law for damage to cattle.* he had the right to prove any negligence of the company that contributed to produce the injury complained of, including that of a failure to ring the bell or sound the whistle, as required by the section under which this suit is brought. *Goodwin v. R. R. Co.*, 75 Mo. 75.

The judgment is reversed on account of the refusal of defendant's instruction last noticed. All concur, except NORTON, J., who dissents.

NORTON, J., DISSENTING.—I understand the judgment is reversed in this case upon the ground that the court refused to give on defendant's motion the following instruction, viz: " There being no evidence to show that the failure to ring the bell or sound the whistle caused the injury, the verdict must be for defendant on the first

count." The first count of plaintiff's petition sought a recovery for the killing of plaintiff's cow at a public road crossing because of the failure of defendant to ring the bell or sound the whistle, as required by law. In the opinion of the court it is stated, and the statement is borne out by the record, that "the fact of the failure to sound the whistle or ring the bell, as required by statute, was proved, and that the cow was killed on the railroad where it crossed a public road, was admitted."

With the admitted fact that the cow was killed on a public crossing, and the proved fact that defendant neither sounded its whistle nor rung its bell, I am unwilling to say that the trial court erred in refusing to give the above instruction, telling the jury that there was no evidence that the failure to ring the bell or sound the whistle caused the injury, and that they should find a verdict for defendant. On the contrary, my opinion is that in such cases, where a plaintiff shows that the stock was killed on a public crossing by a railroad, and that the railroad company failed to ring its bell or sound its whistle, as required by statute, that he makes out a *prima facie* case, entitling him to a recovery, unless such *prima facie* case is rebutted by other evidence, or at the very least it is sufficient evidence to allow the jury to pass upon the question whether such neglect and omission of duty on the part of the company caused the accident.

It is laid down in 1 Greenleaf Ev., 17, that one of the chief grounds of evidence " is the known and experienced connection between collateral facts and circumstances, satisfactorily proved, and the fact in controversy." In the present case the fact in controversy is not that the animal of plaintiff was killed on a public crossing, for that is admitted, nor that defendant failed to ring the bell or sound the whistle, for that is proved by uncontradicted evidence, but it is whether the injury to plaintiff's cow was caused by the failure of defendant to do either one or the other of these things. The fact as to whether or not the injury

of the animal was the result of defendant's failure to give the statutory signals is to be deduced from the fact that common experience and observation teaches that giving such signals would have the effect of not only attracting the attention of animals to the approaching train giving them out, but to frighten them away from the approaching danger. That such effects would follow is a matter of common experience, observation and knowledge. And it was doubtless this known connection between the giving of such signals and their effects upon animals which induced the general assembly to impose it as a duty upon railroad companies to give the signals a sufficient distance from their crossings to enable both man and beast to get out of the way of the danger.

The question presented is not one of first impression, and is of sufficient importance to justify me in adverting to our own decisions concerning it, believing as I do that taken as a whole they sustain the views above expressed.

The question was first considered in the case of *Howenstein v. Pacific R. R. Co.*, 55 Mo. 33, where it was expressly held that proof that stock were killed at a road crossing by a railroad train, and that the bell was not rung nor whistle sounded, as required by statute, is sufficient to make out a *prima facie* case against the company, without further evidence that its employes were guilty of negligence which caused the damage. The next case was that of *Owens v. Hann. & St. Jo. R. R. Co.*, 58 Mo. 392, where the doctrine of the *Howenstein case* was re-affirmed in the most emphatic manner, all the judges concurring. The next case is that of *Stoneman v. Atlantic & Pacific R. R. Co.*, 58 Mo. 503, where it was held that whether the killing of stock on a road crossing was caused by the failure of the company to ring its bell or sound its whistle was a question of fact to be determined by the jury, and for the reason that the court in that case did not in an instruction submit that fact to the jury, and refused one that did sub-

mit it to them, the judgment was reversed and cause remanded. The doctrine of the case of *Howenstein v. Pacific R. R. Co., supra,* was not assailed in the above case, but on the contrary, Judge Napton, who delivered the opinion, expressly indorsed it, in the following language: " The question as to the proof necessary to show the connection between the negligence of failing to ring the bell and sound the whistle and the loss sustained is another matter, upon which the opinion of the court in *Howenstein v. Pacific R. R. Co.,* 55 Mo. 33, is in point."

The next case is that of *Holman v. Chicago, R. I. & P. R. R. Co.,* 62 Mo. 562, where the doctrine is for the first time announced that where the only proof in a suit against a railroad company, for killing stock at a public crossing is the death of the animal, and the failure of the company to ring the bell or sound the whistle, it is the duty of the court to declare as a matter of law that the plaintiff cannot recover. No authority is cited upon which the conclusion reached was based except the case of *Stoneman v. Atlantic & Pacific R. R. Co.,* 58 Mo. 503, which, as I have endeavored to show, contained an express approval of the opinion in the case of *Howenstein v. Pacific R. R. Co., supra.*

The latest utterance of this court upon the subject is to be found in the case of *Edwards v. Chicago, R. I. & P. R. R. Co.,* 76 Mo. 399, which was an action to recover damages for the killing of plaintiff's cow on a public crossing, alleged to have been occasioned by the failure of defendant to ring its bell or sound its whistle. The evidence showed (as in the case I am considering) that the cow was killed on the crossing, and that defendant neither rung the bell nor sounded the whistle, as required by law. The court refused an instruction that on the evidence plaintiff could not recover, and also the following instruction: " Evidence that the defendant's employes in charge of the locomotive and train failed to ring the bell or sound the whistle on the train in proof is not sufficient to authorize

a recovery.   Such evidence must be supplemented by other proof showing that if such signals had been given the animal in question would not have been injured."

Notwithstanding the refusal of the court to give the above instructions, which action was excepted to at the time and relied upon by defendant to reverse the judgment, this court affirmed the judgment, thereby sustaining the action of the trial court in refusing said instructions. If the plaintiff was entitled to a recovery on the evidence in that case, I am unable to perceive why the plaintiff in the case in hand should not likewise be permitted to recover on proof of same facts.   If it was right for the court in that case to refuse to tell the jury that on the evidence the defendant was entitled to a verdict, it was also right for the court to refuse in the case under consideration to tell the jury that plaintiff could not recover.

The action of the circuit court in refusing to give the instruction asked, is in my judgment not only sustained by four out of the five cases above referred to, but also by reason.   If from the admitted fact that the animal was killed on the crossing, and the proved fact that the defendant did not give the statutory signals in approaching the crossing with its train, and from the known fact taught by common experience, observation and knowledge, that the effect of those signals when given is to frighten and drive animals away from such crossing, the jury may not infer the further fact that the killing of the animal on such crossing was the result of such omission to ring the bell or sound the whistle, I can see no force in the rule of evidence above quoted from Mr. Greenleaf, and am at a loss to perceive what other evidence would be required to be introduced by a person suing for stock killed under such circumstances, unless it be to show that the animal had ears and could hear, eyes and could see, or that such noise as ringing of a bell or the sounding of a steam whistle on an approaching train would attract the animal's attention to

the train, and tend to frighten it away from its approach, all of which things are matters of common knowledge requiring no proof.