QUICK, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. In an action under the statute, (R. C. 1855, p. 649, § 5,) a petition which neither avers negligence or misfeasance, nor states facts which would render such an averment unnecessary, is deficient. The ground of liability should be distinctly stated. The place where the accident occurred should be stated.

*Appeal from Linn Circuit Court.*

*Slack,* for appellant.

I. The court below erred in overruling the demurrer to the plaintiff's petition. The petition is not founded on the statute entitled "An act for the better security of life, property and character," approved 12th December, 1855. Hence the petition is bad, because it does not aver that the injury complained of was occasioned by the negligence or unskilfulness of defendants' agents or servants in running the locomotive or cars on said railroad. This court will certainly not permit the plaintiff to avail himself of the provisions of so rigid and extraordinary a statute, without evincing that intention by the form of this action.

II. The petition is bad, because it does not aver that the animal was killed at a place on said road where the same was not enclosed by a lawful fence, nor at a place on said railroad where the same was not crossed by a public highway. A railroad company is not liable in damages to the owner of an animal killed by the locomotive or cars on the track of their road, even under the provisions of said act of the 12th December, 1855, unless the same was killed at a place on

said road where the same was not enclosed by a lawful fence, or at a place on said railroad where the same is not crossed by a public highway, and both allegations should be made and proved, unless the killing was occasioned by the negligence or unskilfulness of appellants' agents, officers, or servants, which should be made and proved. (R. C. 1855, p. 649, § 5.)

*Harris*, for respondent.

I. I insist that the petition is sufficient, and rely on R. C. 1855, p. 437, § 52. (See Nashville & C. R.R. Co., 25 Ala., N. S., 230; Langlor's v. Buffalo R.R. Co., 19 Barb., 364; Nelson v. Vermont & C. R. R. Co., 26 Vermont, 717.)

NAPTON, Judge, delivered the opinion of the court.

This petition is deficient. It neither avers negligence nor misfeasance, nor states facts which would render such an averment unnecessary. It is stated that the road was not fenced according to law; but it is not stated that the injury was committed where there was no fence, and where there was no crossing, or one without suitable cattle-guards. The demurrer ought to have been sustained. (Burton v. North Mo. R. R., 30 Mo. p. 372.)

Judgment reversed and case remanded; Judge Ewing concurs. Judge Scott absent.