Brown v. Hannibal & St. Joseph Railroad Co.

————— ————

33 309
47a 550

MEREDITH BROWN, Respondent, *v.* HANNIBAL AND ST. JOSEPH RAILROAD CO., Appellant.

*Negligence—Damages.*—There can be no recovery against a railroad for the killing of cattle unless the negligence of the company be in some way shown. The mere fact of killing does not authorize a recovery. (R. C. 1855, p. 64, § 55.)

*Husband and Wife.*—The wife cannot sell the property of the husband without his authority.

*Appeal from Linn Circuit Court.*

*Harris, Lander & Carr*, for appellant.

I. Respondent's 3d instruction asserts the proposition that the wife may, without regard to the authority from her husband, transfer his property, there being no evidence in the case that she had authority to act as his agent.

II. Respondent's 4th instruction is wrong, without a qualification to the effect that the road was not fenced at the place where the injuries complained of were done, and that the same was not done at a crossing of a highway. (Burton v. N. Mo. R.R. Co. 30 Mo. 372; Quick v. H. & St. Jo. R.R. Co. 31 Mo. 399; R. C. 1855, p. 649, § 5.)

III. Appellant's 3d instruction, refused by the court below, should have been given. Mrs. Nave could have transferred title to Brown only as the agent of her husband, and there was no evidence adduced of any authority delegated to her by her husband to make such transfer. (Sto. Ag. p. 8, § 7.)

IV. The respondent did not even attempt to show negligence on the part of the road; so that Brown could only recover under the 5th sec. R. C. 1855, p. 649, title Damages; (Quick v. H. & St. Jo. R.R. 31 Mo. 33; Miles v. same, 31 Mo. 407; Burton v. N. Mo. R.R. 312;) under which respondent was bound to prove that the killing was done on a portion of the road not enclosed by a lawful fence, nor done at a crossing of a public highway.

DRYDEN, Judge, delivered the opinion of the court.

The plaintiff sued the defendant for the value of certain cattle alleged to have been killed by the defendant on its railroad by means of its locomotives and cars. The Circuit Court seems to have tried the case on the theory that the fact of killing was all that was necessary for the plaintiff to prove in order to entitle him to recover. This was wrong. The gist of the action was the negligence of the defendant. Notwithstanding the killing was proved, yet unless it was done negligently or wilfully, the plaintiff was not entitled to

recover, and the burden of proving it was on him. In such case the negligence may be established either by proof of the facts and circumstances attending the transaction, or by showing that the injury was done on a part of the road not enclosed by a lawful fence, or not in the crossing of a public highway — facts from which the law raises the inference of negligence. (R. C. 1855, p. 649, § 5.)

Without the proof in one or the other mode a party cannot recover. In this case it does not appear there was any witness present at the happening of the accident, nor was there any evidence tending to prove the existence of the facts from which the law raises the inference of negligence.

The giving the first and second instructions asked by the plaintiff is assigned for error. The first is erroneous, in that it assumes the existence of the facts in contest, viz., the possession of the property in controversy, and the exercise of acts of ownership over it by Brown the plaintiff.

It appears that one of the animals alleged to have been injured, a mule, had belonged to one Nave, who a few months before the injury occurred left his abode, and in his absence his wife, without any authority from him, so far as appears, delivered the mule to the plaintiff, to indemnify him against a debt for which he was bound as the security of Nave. The court instructed the jury that this gave the plaintiff a sufficient property in the mule to entitle him to recover. We think otherwise. Unless the transfer by the wife was by the authority of the husband, (and none is pretended,) no property, general or special, in the mule, vested in the plaintiff, and so as to that subject of the action he could not recover.

Let the judgment of the Circuit Court be reversed, and the cause remanded, the other judges concurring.