Dyer v. The Pacific Railroad.

----

WILLIAM J. DYER, Defendant in Error, *v.* THE PACIFIC RAIL-ROAD, Plaintiff in Error.

*Railroads—Negligence.*—A party suing a railroad corporation for the killing of stock, must allege that the injury complained of was committed negligently or wilfully, or state the facts from which the law raises the inference of negligence or wilfulness. If these facts are not stated, the petition will be fatally defective on motion in arrest. (Quick v. Hannibal & St. Jo. R.R., 31 Mo. 399 ; Brown v. same, 33 Mo. 309, affirmed.)

*Error to Cole Circuit Court.*

*Welch,* for plaintiff in error.

I. The railroad is not required by its charter, or any law of this State, to build fences on the sides of the track, except where the same passes through enclosed fields. (R. C. 1855, p. 437, § 52.) And "where there is no law, there is no transgression."

II. So far as the damage act'(R. C. 1855, p. 649, § 5) may affect other cases, it has no application to this case. That act makes defendant liable for all injuries to cattle without regard to the question of diligence or negligence, (Burton v. North Mo. R.R., 30 Mo. 375,) unless the injury occurs in enclosed fields, or at a road crossing; but a subsequent act, passed at the same session, changes the stringent rule in the damage act, and to that extent repeals it. The act of December 13, 1855, (R. C. 437, § 52,) declares defendant's liabilities for injuries to stock to be consequent upon the negligence, or wilfulness of the act, after that section has been complied with.

The accident in this case did not occur where the road passes through enclosed fields, and consequently at a point where defendant was not bound or required to erect a fence. (Munger v. Tonawanda R.R., 5 Denio, 255; Marsh v. N. Y. & Erie R.R., 14 Barb., 364; Pierce on Amer. R.R. Laws, 320 et seq.)

Both of the acts spoken of are taken from the Statutes of New York. (See also Macon and Western R.R. v. Davis, 13 Geo. 85, and Perkins v. Eastern R.R., 29 Maine, 307, reported in 1 Am. R.R. Cas., 144.)

III. The petition is insufficient. It does not allege that the accident occurred at a point on the road where the same crosses a public highway. (R. C. 1855, p. 649, § 5; Quick v. Hannibal and St. Jo. R.R., 31 Mo. 399; Miles v. Hannibal & St. Jo. R.R., *ib*. 407.)

*Beech*, for defendant in error.

I. The question is not whether the railroad is required to fence when it does not pass through enclosed fields; but what is its liability when it does not so enclose. This is plainly determined by the R. C. 1855, p. 649, sec. 5. It is not necessary to prove negligence. (30 Mo. 372.)

II. The act of December 13, 1855, R. C. p. 437, § 52, does not repeal the 5th section of the act of 12th December, 1855. The two are consistent; the first *requires* the cor-

poration to erect and maintain a fence when the same passes through enclosed fields, and by that section the owner of the field may compel the erection and maintenance of such fence.

The petition is sufficient. It avers that at the *time* and *place* there were no *sufficient fences*, gates, bars or cattle-guards. (30 Mo. 375.)

DRYDEN, Judge, delivered the opinion of the court.

This is a suit against the corporation for damages for killing the plaintiff's steer on the defendant's railroad, by means of its locomotives and cars.

It is not averred in the petition, that the injury complained of was committed negligently or wilfully ; nor are the facts averred from which the law raises the inference of negligence or wilfulness. The petition states there was no sufficient fence on the sides of the railroad at the place where the injury was committed, but it does not appear that the injury was not committed at the crossing of a public highway. (R. C. 1855, sec. 5, p. 649.) The petition, therefore, does not state facts sufficient to constitute a cause of action. (Quick v. H. & St. Jo. R.R., 31 Mo. 399 ; Brown v. H. & St. Jo. R.R., 33 Mo. 309.)

The court erred in overruling the motion in arrest, and for this cause the judgment is reversed and the cause remanded, with leave to the plaintiff to amend his petition. The other judges concur.