EVANS & HOWARD FIRE BRICK COMPANY, Respondent, SAINT LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

### May 5, 1885.

NEGLIGENCE—CONTRIBUTORY—RAILROAD, UNLAWFUL SPEED.—Negli-

gence of a railroad company in running its cars at a rate of speed prohibited by ordinance, if not the efficient cause of the injury complained of, will not render the company liable for such injury.

Appeal from the St. Louis Circuit Court, Thayer, J. *Reversed and Remanded.*

John O'Day and E. D. Kenna, for the appellant.

T. K. Skinker, for the respondent.

Rombauer J., delivered the opinion of the court.

This is an action for killing of plaintiff's mule by defendant's locomotive. The petition contains three counts. The first count charges a negligent running of the train, and a violation by defendant of the city ordinance, prohibiting trains from running at a greater speed than six miles per hour, within the city limits. The second and third counts charge omissions to fence the railroad, and seek a recovery under the provisions, respectively, of sections 2124 and 809 of the Revised Statutes of 1879.

Upon the trial of the cause the plaintiff dismissed as to the third count, and the jury found a verdict for defendant on the second count of the petition. Plaintiff recovered a verdict and judgment for the value of the mule on the first count of its petition. From this judgment, defendant appeals, and now assigns for error:

1st. The refusal of the court to instruct the jury that under the pleadings and evidence, plaintiff was not entitled to recover.

2nd. The giving of erroneous instructions to the jury by the court upon its own motion.

The accident occurred within the limits of the city of St. Louis, at a private crossing established by plaintiff for its own convenience, and protected by bars erected by plaintiff. These bars had been left down a short time prior to the accident by one of plaintiff's employes, and the mule was killed while endeavoring to cross the railroad at this crossing, by defendant's locomotive, running at great speed.

The evidence was uncontradicted that at the time of the accident, the train was running at a rate of speed

prohibited by ordinance, probably at the rate of eight miles per hour; there was no testimony, however, offered by plaintiff showing or tending to show that the accident was the result of this excess of speed. The testimony offered on part of defendant was uncontradicted, that the mule was not seen until it jumped on the track, from four to eight feet ahead of the pilot of the locomotive, and that the accident could not possibly have been avoided, even if the train had been running at the rate of six miles per hour. Nor was any evidence offered by either party showing or tending to show that defendant's employes were guilty of negligence in any other respect.

It was held in some of the earlier cases that the non-compliance on the part of a railroad company with statutory regulations in running its trains, is *prima facie* evidence, not only of negligence, but also of the fact that such negligence caused the injury. The cases apparently so holding are collected and discussed in the able dissenting opinion of Judge Norton, in *Braxton* v. *Railroad Company*, 77 Mo. 458. The opinion of a majority of the court in that case was to the contrary, and in conformity therewith we are bound to hold that there is no difference between the negligence which is implied from a violation of statutory obligations and any other negligence, and that it is in all cases incumbent upon the plaintiff not only to show negligence on part of defendant, but also that the injury was its probable consequence.—*Holman* v. *Railroad Company*, 62 Mo. 564; *Wallace* v. *Railroad Company*, 74 Mo. 597; *Powell* v. *Railroad Company*, 76 Mo. 82; *Braxton* v. *Railroad Company*, 77 Mo. 457.

As there was no testimony in this case tending to show that the injury complained of was the result of the only negligence on part of defendant of which there was any evidence, we are of opinion that the court should have instructed the jury, that upon the pleadings and evidence the plaintiff could not recover.

All the judges concurring, the judgment is reversed and the cause remanded.