SAMUEL SMITH, Respondent, v. THE HANNIBAL ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1. **Practice** : AGREED STATEMENT : SPECIAL VERDICT. An agreed case occupies the same footing and stands in lieu of a special verdict, and the court pronounces the conclusion of law precisely as if the jury had found a verdict in that form ; but in order to such conclusion the agreed statement contains without ambiguity, omission or uncertainty all the facts necessary to a determination of the case.

2. **Railroads** : NEGLIGENCE : KILLING STOCK : BELL AND WHISTLE. In order to recover against a railroad for negligently killing stock, there must be shown a connection between the killing and omission of duty required by law of the defendant ; and an agreed statement of facts set out in the opinion does not in any way justify the legal conclusion that the defendant negligently killed the plaintiff 's cow.

*Appeal from the Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

REVERSED.

*Spencer, Burnes & Mosman,* for appellant.

Under the agreed statement of facts there could be no recovery in an action for negligence at common law. ( 1 ) The cow was killed within the limits of the city of Chillicothe, so that, even if this were not a common-law action, no question of the duty of the defendant to fence its track could arise. ( 2 ) No question can arise in respect to a violation of the bell-ringing statute. Ringing the bell or sounding the whistle is only required for the benefit of parties *using* the highway. *Long Case,* 23 Mo. App. 178 ; *Dahlstrom Case,* 96 Mo. 103 ; *Sloop v. Railroad,* 22 Mo. App. 596. ( 3 ) The only possible suggestion in the statement that plaintiff expected to recover on the ground of negligence is contained in the words that "the bell on the train was not ringing, nor was anything done by whistling or otherwise to drive the cow from the tracks." This is utterly insufficient to sustain a recovery and has been so held in a large number of cases. *Wallace v. Railroad,* 74 Mo. 597 ; *Brooks v. Railroad,* 27 Mo. App. 573 ; *Lord v. Railroad,* 82 Mo. 139. ( 4 ) The presence of the cow near the track would not require the use of bell or whistle. *Young v. Railroad,* 79 Mo. 336. Sounding an alarm might cause the cow to run into danger. *Champ v. Railroad,* 75 Ill. 578. It is not until they see the animal making "such movements as would induce a reasonable person to apprehend she was about to come upon the track," that they are bound to put forth every effort to avoid collision. *Grant v. Railroad,* 25 Mo. App. 227 ; *Senate v. Railroad,* 41 Mo. App. 297. ( 5 ) Proof that the animals could be seen eighty rods, that the speed was not checked, and that an attempt was made to call attention of the train men to the animal, does not establish negligence on the part of the railway. *Hoffman v. Railroad,* 22 Mo. 546 ; *Milburn v. Railroad,* 86 Mo. 104.

*T. H. Kemp*, for plaintiff.

(1) The violation of a duty enjoined by a statute and that enjoined by positive rule of common law is the same ; as to responsibility for negligence there is no ground for distinction. *Thomas v. Tel. Co.*, 100 Mass. 156. (2) Actionable negligence is where a failure is made through inadvertence, recklessness or wantonness, to perform some duty which one party owes to another. 2 Thomp. on Rules, sec. 1663. (3) The rule is where the defendant's negligence was the proximate, and the plaintiff's the remote, cause of the injury, the plaintiff may recover. 2 Thomp. on Trials, p. 1254, sec. 1722. In this case it is charged in the pleadings and admitted by the agreed facts upon which the case was tried, that it was noontide of daylight, and that defendant's train of cars were not stopped, or tried to be, and that nothing else in any respect or regard was done, or tried to be done, though plaintiff's cow was on the defendant's roadbed or track ; to avoid killing the cow defendant does not prove or even make any effort at proof of any kind, direct, circumstantial or presumptive, that it was not and alone their fault that plaintiff's cow was killed. See pleading and agreed evidence in the case.

SMITH, P. J.—This was a suit brought before a justice of the peace to recover damages for the killing of a cow. The complaint alleged that defendant negligently and carelessly ran over and killed the plaintiff's cow, etc. The case was tried in the circuit court upon the following agreed statement of facts :

"It is agreed that in the trial of this cause the following facts shall be taken as proven : That the cow sued for was worth the sum of $50 ; that she was struck and was killed by defendant's train, not on a street or public crossing, and that at the time the bell on the

train was not ringing, nor was anything done by whistling or otherwise to drive the cow from the track; that the law known as the stock law, approved 1883, was in force in the county of Livingston at the time the cow was killed within the corporate limits of the city of Chillicothe, within the county of Livingston; that she was running at large with plaintiff's knowledge and consent, but not in violation of an ordinance of the city of Chillicothe, which said ordinance permits cattle to run at large between the hours of five o'clock A. M. and nine o'clock P. M.; and that the cow was killed at the hour of two o'clock P. M., on the twelfth day of June, 1888.''

An agreed case occupies the same footing, and stands in lieu of a special verdict, and the court pronounces the conclusion of law precisely as if a jury had found a verdict in that form. *Munford v. Wilson*, 15 Mo. 540; *Gage v. Gates*, 62 Mo. 412. In order that the conclusion of the law on the facts agreed may be pronounced, all the facts necessary to a determination of the case must first be definitely ascertained. If there be any ambiguity, any omission of facts necessary to a recovery, any substantial lack of clearness and certainty on material points, the judgment cannot be allowed to stand. *Hughes v. Moore*, 17 Mo. App. 48; *Moore v. Henry*, 18 Mo. App. 35; *Lecompte v. Wash*, 9 Mo. 551; *Gage v. Gates, supra.*

The question now is, does the agreed statement show all the facts necessary to a determination of the case? Is there any fact necesary to a recovery, or any substantial lack of clearness on any material point? The plaintiff's action is grounded on the negligence of defendant. Unless the agreed statement shows directly or inferentially that the cow was killed in consequence of the negligence of defendant, the judgment cannot be sustained. There is a presumption in favor of all persons that they will exercise care in the performance of

their duties. It is presumed in favor of the defendant, and, therefore, the plaintiff is in all cases bound to give evidence of negligence. He must give some proof of his case beyond a mere *scintilla* of evidence. Whitaker's Smith, Neg. 419. Notwithstanding the statement shows the killing, it was not shown that it was done negligently. No facts are stated from which the law raises the inference of negligence. The showing merely that the cow was killed does not authorize a recovery. *Brown v. Railroad*, 33 Mo. 309. Certainly the bare fact that the cow was killed on the defendant's railway track in the daytime, not in a street or public highway, without ringing the bell or sounding the whistle, are not facts from which the law raises the inference that the killing was negligently done. No connection is shown between the killing and omission of any duty required by law of defendant. To make defendant liable for the killing of the cow, it must be referable to some omission of duty, or, which is the same thing, to the negligence of defendant. Concede, as we must, that at the time of the killing of the cow, defendant neither rang the bell nor sounded the whistle, and yet no actionable negligence can be inferred from that fact. The cow may have entered upon the track the very instant she was struck and killed. The entry upon the track and the collision may have been so nearly simultaneous that there was no time to ring the bell or sound the whistle between the occurrences. It is not stated that the defendant could have seen the cow on the track a sufficient length of time before the collision of the locomotive with her, to have avoided it by the exercise of due care, nor are any facts shown by which it can be inferred that, if the bell had been rung or the whistle sounded, the plaintiff's cow might have been frightened from the track and thus have escaped injury. No case is stated within the rule which we have already adverted to. The action is based on common-law negligence, and

there is nothing,—no fact or circumstance to be found in the agreed statement which in any way justifies the legal conclusion that the defendant negligently killed the plaintiff's cow.

The judgment must be reversed.    All concur.