CHARLES L. DECKER, Respondent, v. CHICAGO,
    BURLINGTON & QUINCY RAILROAD COM-
    PANY, Appellant.

**Kansas City Court of Appeals, February 1, 1915.**

**DAMAGES: Negligence: Railroads: Live Stock.** Plaintiff sued to
    recover damages from defendant for killing his horse. The
    defendant's train was running through the corporate limits of
    the city at a high rate of speed when it struck the horse.
    *Held,* that plaintiff could not recover because he did not sustain
    the burden of proving negligence. Mere proof of excessive
    speed and of an injury are not sufficient to discharge the
    burden of showing that the one was the proximate cause of
    the other.

Appeal from Schuyler Circuit Court.—*Hon. Nat M.
    Shelton,* Judge.

REVERSED.

*Higbee & Mills, Palmer Trimble* and *M. G. Roberts*
for appellant.

*Fogle & Fogle* for respondent.

JOHNSON, J.—Plaintiff sued to recover damages
for the loss of a horse owned by him which was killed
within the corporate limits of the city of Lancaster by
a passing train on defendant's railroad. The petition
is in three counts. The first alleges a cause of action
founded on the failure of defendant to fence the rail-
road; the second, negligence in running the train at
excessive speed, and the third, general negligence in
the operation of the train. The answer is a general
denial. Verdict was for plaintiff on the second count,
and for defendant on the first and third. Judgment
was rendered accordingly and defendant appealed.

The specification of negligence in the second count
is that defendant "while running its engines and cars

upon its said railroad at a rate of speed in excess of six miles per hour, did negligently and carelessly run over, strike, maim and kill with said engine and cars the said animal . . . to the damage of the plaintiff in the sum of $150. And plaintiff further states that section one hundred and seventy of article twenty of the Revised Ordinances of the City of Lancaster . . . provides that no railroad company shall run its engines, trains or cars within the corporate limits of Lancaster, Missouri, faster than six miles an hour and every engineer, conductor or other employee of any railroad company who shall move any engine, train of cars faster than six miles per hour in or through said city shall be guilty of a misdemeanor.''

The evidence relating to the issue thus tendered shows that the horse was struck and killed by the engine of a westbound train running through Lancaster at night. The place where the horse was struck was within the limits of the city but was not at a street crossing. No eyewitness of the accident testified at the trial and no witness who testified saw the train. Plaintiff who was a drayman and lived near the railroad testified that he was at home and heard the train pass; that he heard a horse neigh, went to his barn to ascertain the cause, and found that one of his horses had escaped and that on going down the railroad he discovered the horse in an injured condition beside the track. There were indications, which need not be detailed, that the horse, while on the track, had been struck by the pilot, carried about 135 feet and thrown off to one side. Further plaintiff testified that from the noise made by the train he thought it was running twenty miles an hour and that his work as drayman in and about the railroad yards had given him opportunities to observe the speed of running trains. Another witness who had been mayor of the city stated that the ordinance limiting the speed of trains to six miles per hour, which was introduced in evidence, had

not been observed or enforced and that the train in question usually ran through the city at twenty or twenty-five miles an hour.

The substance of the charge sustained by the verdict and judgment is that the injury was caused by negligence in running the train through a city at excessive speed. The burden is upon plaintiff to plead and prove, not only that such negligence existed, but that it was the proximate cause of the injury. It may be true, as counsel for plaintiff contend, that the second count alleged a negligent breach of duty under the common law as well as under the ordinance (Haley v. Railroad, 197 Mo. 15) but this would not relieve plaintiff from the burden of alleging and proving that the negligent speed of the train was the proximate cause of the injury. It may be conceded, for argument, that the petition, which was not attacked by demurrer, should be held sufficient to state the essential elements of a good cause of action, but we find the proof of plaintiff wholly fails to show a causal connection between the alleged negligence and the injury to the horse. The most that appears from the facts and circumstances in proof is that the horse, in some manner and at some time went upon the track and was struck by the locomotive. Certainly the bare fact that it was killed on defendant's track by a train running at excessive speed will not support the conclusion that the injury was caused by the negligent excess of speed without resort to conjecture and speculation.

As we observed in Smith v. Railroad, 47 Mo. App. 546, the horse may have entered upon the track the very instant he was struck. The entry and collision may have been so nearly simultaneous that the excessive speed of the train could not possibly have been a factor in causing the injury. The rule has often been stated in similar cases that mere proof of excessive speed and of an injury are not sufficient to discharge

the burden of the plaintiff of showing that the one was the proximate cause of the other. [Harlan v. Railroad, 18 Mo. App. 1. c. 483; Evans v. Railroad, 17 Mo. App. 624; Molyneux v. Railroad, 81 Mo. App. 25; Schmidt v. Railroad, 140 Mo. App. 182; Bluedorn v. Railroad, 121 Mo. 258; Prewitt v. Railroad, 134 Mo. 615; Stotler v. Railroad, 200 Mo. 107; Warner v. Railroad, 178 Mo. 125; Railroad v. Mathews, 158 S. W. 1048 (Tex.); Atterberry v. Railroad, 110 Mo. App. 608; Green v. Railroad, 192 Mo. 131.]

It will not be necessary to discuss other assignments of error since what we have said controls the disposition of the case.

The judgment is reversed. All concur.