# THE GREAT WESTERN RAILROAD COMPANY OF 1859

## *v.*

## JAMES GEDDIS.

1. NEGLIGENCE OF RAILROAD COMPANIES—*injuries to persons and property—and herein of mutual negligence.* A railroad company is liable for injuries to persons and property, when willfully done, or resulting from gross neglect of duty. To free themselves from liability, the company, in case of injury, must discharge every duty imposed by law. They must use all reasonable means to prevent injury, and an omission so to do will create liability, unless the injured party has, by his negligence, contributed in some degree to the injury.

2. An animal was run over and killed by a railroad engine, at a road crossing, and at a place where the statute requires a bell to be rung or a whistle sounded. This duty was not performed, and the jury found the accident was the result of that neglect. *Held,* that the company was liable to the owner of the animal for the damages thus resulting from their gross negligence.

3. Had there been a collision with a person instead of an animal, there would be no doubt that it resulted from this neglect. In such a case, the sound of the bell or of the whistle, would give sufficient and timely notice of the approaching danger, and in case of its omission, the presumption would be that the person would have regarded the warning if it had been given as required by the statute, and in such a case of omission the company would be held responsible for all resulting damages.

3. FORMER DECISIONS *commented upon.* The cases of *The Illinois Central Railroad Company* v. *Phelps,* 29 Ill. 447, and *The Same* v. *Goodwin,* 30 Ill. 117, are distinguished from a case where an injury results from the neglect of a duty imposed by law. In those cases the accidents occurred at places where the company was

under no obligation to ring a bell or sound a whistle; nor did there appear in those cases any omission of duty.

APPEAL from the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action on the case instituted in the court below, by James Geddis against The Great Western Railroad Company of 1859, to recover damages for the running over and killing of a mare of the plaintiff, by a locomotive of the company. The ground upon which the recovery was sought, was the alleged negligence on the part of the employees of the company, in not ringing a bell or blowing a whistle upon the train at and within eighty rods of a road crossing, at which the mare was killed.

An issue was made up, and a trial had, resulting in a verdict and judgment in favor of the plaintiff, to reverse which the company took this appeal.

The questions presented by the assignment of errors relate to the liability of a railroad company, in case of injuries resulting from a neglect on their part of the duty specially enjoined by statute, of ringing a bell or sounding a whistle when a train is approaching a road crossing.

Messrs. NELSON and ROBY, for the appellant.

Mr. B. F. SMITH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The record in this case shows that appellee's mare was killed by an engine on appellants' road, at a public road crossing. There was some conflict as to whether the bell was rung for the distance required by the law, before reaching the road crossing at which the animal was killed. A witness, standing at the time near the place, and having a full view of the occurrence, and looking at the train as it passed, is positive that the bell was not rung when the crossing was reached. A witness who was on the train at the time, is of the same opinion, and another person,

20 — 33D ILL.

also on the train, is of the opinion the bell was not rung at any time, and believes that if it had been, he would have heard it. On the contrary, the fireman swears that he commenced ringing the bell more than eighty rods before coming to the highway.

The question as to the weight of testimony, and which was to be believed and which to be rejected, was fairly before the jury, and they have given credence to appellee's witnesses. In doing so, we are not prepared to say that they were not warranted in that conclusion. These witnesses all saw the animal, and their attention was given particularly to the occurrence, and we may reasonably conclude, that if the bell had been rung, they must have heard it. The fact that two of them observed that the bell began to ring after the engine had struck the mare, strengthens this supposition. Had the witnesses not given their especial attention to the occurrence, it might have been doubtful, but it is not probable that they could have been mistaken under the circumstances. We are, therefore, of the opinion, that the jury were warranted in believing appellee's witnesses, rather than those of appellants.

The animal was killed at a road crossing, and at a place where the statute requires a bell to be rung or a whistle sounded. There is no pretense that the latter was done, and the jury have found that the bell was not rung. Then does the neglect of a duty specifically and positively required by the statute create a liability for damages sustained at the time it was neglected in connection with the business in which it is required? Had there been a collision with a person instead of an animal, there would be no doubt that it resulted from this neglect. In such a case the sound of the bell or of the whistle would give sufficient and timely notice of the approaching danger, and in case of its omission, the presumption would be that the person would have regarded the warning, if it had been given as required by the statute, and in such a case of omission, the company would be held responsible for all resulting damages.

The statute has declared that in addition to a fine of fifty dollars, the company shall be liable for all damages sustained by reason of such neglect. In this case the jury have found

that the animal was killed by reason of a failure to perform this duty. This, like all other questions of fact, was for their determination, and we are not prepared to say that such was not the case.

But be that as it may, such bodies are liable for injuries to persons or property when willfully done or resulting from gross neglect of duty. To free themselves from liability, the company, in case of injury, must discharge every duty imposed by law. They must use all reasonable means to prevent injury, and its omission will create liability unless the injured party has, by his negligence, contributed in some degree to the injury. In this case appellants failed to do what was expressly required by the statute, and while running the train, and with their engine, the animal was killed when they were in gross neglect of duty. And it must be held to create a liability for this injury. The duty imposed is easily performed, is not attended with increased expense, and it has been required by the law for wise and salutary purposes, and the courts have no power to dispense with its performance.

It was, however, insisted that this case falls within the rule adopted in the cases of *Illinois Central Railroad* v. *Phelps*, 29 Ill. 447, and *Illinois Central Railroad* v. *Goodwin*, 30 Ill. 117. On examination it will be seen that there is a broad difference between these cases and the one under consideration. It was there held that the company was under no obligation to ring a bell or sound a whistle at the place where the injury occurred. Nor in those cases did any omission of duty appear. In this case, on the contrary, the company failed to comply with a positive duty imposed by statute. Those cases depend upon different principles, and do not control this, which is within the rule that gross negligence creates a liability for damages resulting from injury.

No error is perceived in this record for which the judgment of the court below should be reversed, and it is therefore affirmed.

*Judgment affirmed.*