# The Chicago and Alton Railroad Company

*v.*

## Franklin Henderson.

Negligence—*omission to ring bell or sound whistle at crossing.* In an action against a railroad company to recover for the killing of a mule, it appeared that the plaintiff's gate was broken open in the night, so that his mule escaped and got upon defendant's track, where it was killed by a passing train; that the train passed over two public streets in the village without ringing a bell or sounding a whistle, as required by the statute, just before reaching the mule, and that the only signal given, was that something was upon the track, which frightened the mule and caused it to run, but the train was then too near it to be checked so as to avoid the collision, and it appeared from this, that if the statute had been complied with the animal would probably have escaped: *Held*, that the company was liable.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case, brought by Franklin Henderson against the Chicago and Alton Railroad Company, to recover damages for the killing of plaintiff's mule. A recovery was had by the plaintiff, and the defendant appealed.

Messrs. WILLIAMS & BURR, for the appellant.

Mr. O. W. ALDRICH, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The liability of the company, if any exist in this case, must result from an omission to perform duties imposed by the statute.

The law requires that every railroad corporation shall ring a bell or sound a whistle, at the distance of at least eighty rods from the place where the railroad crosses any public street or highway, and shall continuously ring or whistle until the street or highway is reached; and for neglect to do so shall be liable for all damages sustained by reason of such neglect.

The plat of the village where the animal was killed, and the oral evidence, afford a reasonable presumption that the train in question crossed two streets in the village without ringing a bell or sounding a whistle, as required by the statute; that the only whistling which was attempted, was a mere signal that something was upon the track, and soon thereafter the mule was killed by the train; that no bell was rung; and that the mule was near to, if not on, the track when the alarm whistle was given. The neglect to ring the bell or sound the whistle in compliance with the statute, and the killing by the train without slackening the speed, were abundantly proved.

Was the injury the result of this neglect? The proof shows that, when the alarm whistle was sounded, the mule ran

with rapid speed away from the noise; but at that time the train had advanced too near to it to be checked so as to avoid the collision. If the statute had been complied with, the strong probability is, that the animal would have escaped from the danger. This is a fair inference.

The mere fact, that the plaintiff said his "old gate was broken open," does not prove negligence on his part. No facts were elicited to prove that the gate was not reasonably safe. So far as any presumption is to be indulged from the language, without any evidence as to the condition of the gate, except that it was old, it may have been sufficient to induce the belief that the plaintiff exercised ordinary caution in securing his lot.

The judgment is affirmed.

*Judgment affirmed.*