ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
v. HENDRICKS.

53  201
66  366
66  367

Decided May 3, 1890.

1. *Railways—Public crossing—Failure to blow whistle.*

   Railway companies are liable for all damages caused by their omission to ring a bell or sound a whistle, as required by section 5478 of Mansfield's Digest.

2. *Negligence—Killing of cattle.*

   An animal was killed on appellant's track within one hundred feet of a public crossing. Appellant neglected to give either of the statutory sig-

nals of warning. The jury had a right to infer that such neglect contributed to the injury, although appellant could not have discovered the animal's danger in time to have avoided the killing.

APPEAL from *Lonoke* Circuit Court.

J. W. MARTIN, Judge.

*Dodge & Johnson* for appellant.

The injury was the result of unavoidable accident, and the company is not liable.   37 Ark., 562; 41 Ark., 157; 37 Ark., 593; 39 Ark., 413; 36 Ark., 607.

*T. E. Hendricks pro se.*

Section 5478, Mansfield's Digest, makes railroads liable for damages for failure of the engineer to comply therewith. Sh. & Redf. on Negligence, 485 *a*.

**1. Failure of railway to blow whistle at public crossing—Damages.**   BATTLE, J. Section 5478 of Mansfield's Digest provides: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad,   *   *   *   and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect." This statute evidently intends that signals shall be given near public crossings for any purpose which they might naturally or reasonably subserve.   In many States, where similar statutes are in force, it has been held that railroad companies are liable for all damages that are attributable to or caused by the omission to give such signals in the manner required by the statute, including injuries to cattle.   *The Western & Atlantic Railroad Co. v. Jones*, 65 Ga., 631; *Palmer v. St. Paul & Duluth Railroad Co.*, 35 A. & E. R. R. Cas., 447; *The Chicago & Alton*

*Railroad Co. v. Henderson*, 66 Ill., 494; *Howenstein v. Pacific Railroad Co.*, 55 Mo., 33; *Nashville & Chattanooga Railroad Co. v. Thomas*, 5 Heisk., 262; *Memphis & Charleston Railroad Co. v. Smith*, 9 Heisk., 860. We think this is the correct construction of our statute. The words of the statute are, ''and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect.''

The proof of the killing of an animal by a train, under the laws of this State, in the absence of other evidence, is *prima facie* evidence that it was the result of negligence, and the burden is upon the railroad company to overcome this presumption by proving that it used due care. *L. R. & F. S. Ry. v. Payne*, 33 Ark., 816; *M. & L. R. R. R. Co. v. Jones*, 36 Ark., 87; *St. L. I. M. & S. Ry. Co. v. Vincent*, 36 Ark., 451; *L. R. & F. S. Ry. Co. v. Henson*, 39 Ark., 413. In this case appellant could not have avoided the killing after it discovered the animal was in danger of being injured by its train. But that is not sufficient to remove the presumption of negligence. The failure to ring the bell or blow a steam whistle when the train had approached within eighty rods of the public crossing and to continue to ring or blow the same until it had crossed was negligence. The animal was killed when appellant was guilty of a neglect of this duty, and the jury had the right to infer that such neglect contributed to the killing. *Turner v. Kansas City, St. Joseph & Council Bluffs R. R. Co.*, 78 Mo., 578; S. C. 19 A. & E. R. R. Cas., 506; *Halferty v. W., St. L. & P. Ry.*, 82 Mo., 90; *Stoneman v. A. & P. R. R. Co.*, 58 Mo., 503; *G. W. R. R. Co. v. Geddis*, 33 Ill., 304; *C. B. R. R. Co. v. Phillipi*, 20 Kan., 9; *A. T. & S. F. R. R. Co. v. Morgan*, 13 A. & E. R. R. Cas., 499; *St. L. I. M. & S. Ry. Co. v. Hagan*, 42 Ark., 122; *L. R. & F. S. Ry. Co. v. Trotter*, 37 Ark., 593, and authorities cited above.

Judgment affirmed.