Missouri, Kansas & Texas Railway Company of Texas v.
J. R. Taff,

Decided March 21, 1903.

**1.—Railroads—Signal at Crossing—Negligence Per Se.**

Where plaintiff was injured by reason of the failure of defendant's engineer to give the required signals as the train approached a public crossing it was not error for the court to charge that such failure was negligence as matter of law, since the statute makes such failure a penal offense. Rev. Stats., art. 4507.

**2.—Same—Nearness to Crossing.**

Since the statute makes the railway company "liable for all damages which shall be sustained by any person by reason of such neglect" to give signals as the train approaches a public crossing, it was immaterial that plaintiff was not using or about to use the crossing; he being on a hand car several hundred feet therefrom, but near enough to have had the benefit of the signals in his protection, had they been given. .

**3.—Same—Noise of Train Excusing Signals.**

That the train made sufficient noise to have warned plaintiff of the danger will not excuse the failure to give the required signals unless it is shown that plaintiff actually heard the noise in time to avoid the injury.

**4.—Same—Ordinary Care—Charge.**

A requested charge which did not purport to submit to the jury whether plaintiff did or did not fail to use ordinary care in any respect whatever, but only whether or not, by the use of such care, he could have heard the roar of the train, was merely hypothetical, and wholly immaterial in view of the jury's finding that plaintiff did not fail to use ordinary care.

**5.—Same—Verdict Not Excessive.**

A verdict for $6000 in favor of a railroad section hand for personal injuries is not excessive where the injuries included a broken leg and were of a serious, painful and permanent character.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*Eldridge, Gardner & Midkiff,* for appellant.

*Randell, Wood & Hassell* and *A. L. Scott,* for appellee.

STEPHENS, Associate Justice.—A collision between a passenger train and a hand car, which took place November 30, 1900, on appellant's road between Bonita and Saint Jo, in Montague County, produced the personal injuries made the basis of recovery in this case. Appellee and another section hand, who had been engaged that day in burning off the right of way for appellant, were returning in the afternoon to Saint Jo on the hand car, as they had been directed to do by the section foreman, when a regular passenger train going in the opposite direction suddenly came around a curve in a deep cut and upon them just as they were about to enter the cut, striking the hand car before it could be taken from the track and knocking it off and against appellee, which resulted in breaking one of his legs and in other injuries

of a serious nature. The passenger train was a little behind schedule time, and appellee and his colaborer, who were on the lookout for it, discovered its approach in time to get off themselves and to get the hand car nearly off before the collision took place.

The right of appellee to recover depended upon his showing that the train operatives failed to warn him of the approach of the train by sounding the whistle and ringing the bell for the curve, as required by the rules of the company, or for the public road crossing west of the cut and curve which the train was approaching, as required by the rules of the company and also by statute, the whistling post for this crossing standing just east of the cut. Upon this the main issue the evidence was conflicting, but warranted the verdict.

On the issue of contributory negligence the evidence also warranted the verdict. The questions of law to be determined arise upon the submission of these issues to the jury.

The negligence involved in the alleged failure of the operatives to whistle for the curve, as required by the rules of the company, was submitted as an issue of fact to the jury, and no complaint is made of the charge in that respect. But serious complaint is made of the following paragraph of the charge affecting the other ground of recovery: "The law requires a railroad company, while running a train along its track, to blow the whistle and ring the bell attached to the locomotive pulling said train at the distance of at least eighty rods from the place where it crosses any public road, and to keep the bell ringing until it crosses such public road or stops. A failure to comply with this requirement, the law says, is negligence." It is insisted that the last sentence of this charge made it one on the weight of the evidence, in that the statute referred to therein was inapplicable, since appellee, who was between the whistling post and the crossing, was several hundred feet from the crossing when the collision occurred. This statute (article 4507) makes it a penal offense for any engineer having charge of a locomotive engine to neglect to blow the whistle and ring the bell when his train is approaching a public road crossing as therein provided, and declares that "the corporation operating such railway shall be liable for all damages which shall be sustained by any person by reason of any such neglect." That the statute was violated in this instance the evidence offered by appellee, and presumptively accepted by the jury, undoubtedly tended to prove. If, then, the plain statutory duty thus imposed was, without excuse, wholly neglected by the engineer, was not the omission negligence per se? If so, was not the court authorized to so instruct the jury, the injury to appellee being the natural consequence of such neglect? We thing these questions should be answered in the affirmative. It would of course be inadmissible to give such an instruction in cases where the neglect of such a statutory duty would not be actionable, as has been several times held, because clearly not the proximate cause of the injury. Railway Co. v. Gray, 95 Texas, 424, 67 S. W. Rep., 764. But if, as the statute expressly provides, damages "shall be sustained

by any person by reason of any such neglect," we can see no good reason why the court should not declare that to be negligence which the law itself punishes as a crime. And such seems to be the effect given similar statutes by the courts of other States, particularly those of Illinois and Arkansas, whose statutes are substantially, and almost literally, the same as ours.

In Railway Co. v. Ferguson, 42 Ill., 459, where a cow was struck by a locomotive a few yards from the crossing and before the train reached the crossing, in holding the railway company liable, this language was used: "In the case before us the liability rests upon a violation of an express statutory requirement, the observance of which might have prevented the accident. The thirty-eighth section of the Act of 1849 requires the bell to be rung or the whistle to be sounded for the distance of eighty rods before reaching a highway crossing, and not only provides a penalty for failure to do this, but expressly provides that the road shall 'be liable for all damages which shall be sustained by any person by reason of such neglect.' The theory of appellant's counsel, that this only applies to injuries done upon the actual intersection of the two roads, where the land belongs equally to both roads, finds no support in the language of the act, and we are not at liberty to interpolate so material a restriction."

In Railway Co. v. Hendricks (Ark.), 13 S. W. Rep., 699, a similar ruling was made, the court using this language: "The failure to ring the bell or blow a steam whistle when the train had approached within eighty rods of the public crossing, and to continue to ring or blow the same until it had crossed, was negligence. The animal was killed when appellant was guilty of a neglect of his duty, and the jury had the right to infer that such neglect contributed to the killing."

Apparently to the contrary are some expressions of Chief Justice Willie in Railway Co. v. Gray, 65 Texas, 32, citing Railway Co. v. Jones (Ga.), 8 Am. and Eng. Ry. Cases, 267, in which latter case, however, the railway company was held liable for killing a horse a short distance beyond the crossing, the court there holding that the trial judge did not err in refusing to charge that the statute requiring signals to be given for a crossing "do not apply to stock which is not on the crossing or being driven across the same." In the course of the opinion this language was used: "Trains are to be run in obedience to law, and if they should be run, at any time or place, in violation of a positive penal statute of the State, such an act is not only one of negligence, but of crime, and any injuries to others resulting therefrom must be responded to in damages."

After a careful examination of these two cases we hardly think either the Georgia case or the case in which it was cited by our own Supreme Court can properly be regarded as authority for the proposition that a charge is upon the weight of evidence which declares an omission to be negligence which is made by statute a penal offense and, where it causes injury, a ground of recovery.

It was for the jury to determine, and the court so instructed them in this instance, whether or not the injury to, appellee resulted from the omission so treated as negligence. Appellee was rightfully on the track, and was expecting and had a right to expect the usual and statutory signals to be given, and we are unable to assign any good reason why he should be denied the protection of the statute merely because he was not right on the crossing when the collision took place. He was near enough to the crossing to have had the benefit of the warning, if it had been given, and may therefore be said to have been at or near the crossing. Besides, the real issue was, and the decision of the case evidently turned upon, whether or not the requisite signals had been given, for if not given, the omission was evidently due to negligence in fact as well as in law. As to this there was no room for dispute. Not only the statute but the rules of the company required the signals to be given for the crossing, and the rules of the company also required the signals to be given at or about the same place for the cut and curve, and the train operatives testified that they had been given. There was nothing but the alleged omission in this instance to suggest any relaxation of the rules or deviation from these requirements, and nothing whatever tending to excuse the neglect. That appellee relied upon and had a right to rely upon the observance of these requirements is equally clear.

Error is also assigned to the court's refusal to give the following special charge: "If you find from the evidence that the whistle was not blown, and the bell was not rung, for said crossing or curve, but if you further find from the evidence that the motion of said train made sufficient noise, and roared sufficient to be heard by plaintiff prior to said accident, and if you find from the evidence that plaintiff could, by the use of ordinary care, have heard such noise or roar of said train in time to have avoided his injury, you will find for defendant, even though you may find said whistle was not blown or bell not rung." If by this charge appellant sought to have the jury instructed that the failure to blow the whistle and ring the bell would not warrant a recovery provided the noise of the train was loud enough to have been heard, it was properly refused, because appellant could not thus substitute this method of giving warning for that prescribed by statute and its own rules, without showing that appellee actually heard the noise of the train in time to avoid the injury, of which there was no evidence, and that therefore the failure to blow the whistle was not the proximate cause of the injury. But if the purpose of the charge was to have the jury instructed upon the issue of contributory negligence involved in the failure of appellee to use ordinary care to hear the noise of the train, it should have left it to the jury to determine whether or not appellee used such care.

The case does not quite come within the rule so often announced in recent decisions, making it the duty of the trial court to give a special charge, when requested, pertinently applying the law of contributory negligence to particular acts or omissions of the person injured. This

charge did not purport to submit to the jury whether appellee did or did not fail to use ordinary care in any respect whatever, but only whether or not by the use of such care he could have heard the roar of the train. That was merely hypothetical and wholly immaterial, if, as found by the jury under the charges given, appellee did not fail "to use ordinary care." Besides, the particular phase of the issue of contributory negligence covered by the requested instruction was not distinctly presented in the answer, which, instead of pleading contributory negligence generally, undertook to plead specially the acts and omissions relied on to show contributory negligence.

The verdict, which was for $6000, is complained of for being excessive, but we think the evidence warranted that amount, tending, as it did, to show that the injuries were of a serious, painful and permanent character.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.