## INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. ISOM TISDALE.

### Decided May 10, 1905.

**1.—Master and Servant—Collision with Pushcar—Contributory Negligence—Assumed Risk.**

Evidence in case of section hand injured by collision of train with a push-car, which he was trying to get off the track, considered and held to support a recovery and justify the refusal of instructions to find for defendant because plaintiff was negligent or had assumed the risk.

**2.—Assignment of Error.**

An assignment that the court erred in its charge to the jury and in each and every part thereof is too general to require consideration.

**3.—Charge—Request for Specific Instruction.**

A charge holding a railway company liable for injury to a section hand by collision of a train with a pushcar, which he was trying to get off the track, if the foreman knew of his danger and failed to give him warning, and such omission was want of ordinary care and caused the injury, was not erroneous in omitting the condition that plaintiff was relying on the foreman, or in failing to define ordinary care, in the absence of a request for such definition.

**4.—Damages—Personal Injury—Charge.**

Instruction on measure of damages for personal injury, including permanent impairment of earning capacity, considered and held correct and not authorizing double damages.

**5.—Contributory Negligence—Burden of Proof.**

The burden of proving plaintiff's contributory negligence being generally on the defendant, where there were no sufficient circumstances to shift the burden, defendant can not complain of the omission to charge on the subject and the refusal of a charge placing the burden of disproving it on the plaintiff.

**6.—Omission of Signals—Plaintiff's Knowledge.**

Instruction that the omission of signals by an approaching train could not be considered where plaintiff had knowledge of its approach, held properly refused as inapplicable to the state of the testimony.

**7.—Persons on Track—Presumption of Leaving.**

A charge that those operating an engine had a right to presume that a pushcar would be removed from the track before collision held properly refused as incorrect as applied to the state of the evidence.

**8.—Charge—Risks Assumed—Fog.**

A charge that plaintiff, as member of a section crew, assumed the risk of his employment in all weathers, and there was no negligence in sending them out in a fog, was properly refused as argumentative and on the weight of evidence.

**9.—Instruction—Mere Accident.**

> An instruction as to the law of injury from mere accident without negligence held properly refused, since such issue was not involved.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*S. R. Fisher,* for appellant (N. A. Stedman of counsel).—It affirmatively appearing, from all the evidence, for plaintiff as well as for defendant, that plaintiff knew of the approach of the train to the pushcar, and of the danger to be apprehended therefrom, in ample time, and with opportunity to remove himself to a place of safety, and that, with such knowledge, he nevertheless voluntarily remained in a situation of danger until injured, and the evidence failing to show any facts that would justify or excuse his conduct, or relieve him from the consequences of his own negligence, or of assumption of risk, he was without right to recover, and the court should have given the special instructions requested in the foregoing assignments. Contributory negligence: Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117, 119; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Gahagan v. Boston & M. Ry. Co., 50 Atl. Rep., 146, s. c., 23 A. & E. R. Cas. (n. s.), 141; Lewis v. International & G. N. Ry. Co., 63 S. W. Rep., 1091; Martin v. St. Louis S. W. Ry. Co., 63 S. W. Rep., 1089; St. Louis S. W. Ry. Co. v. Branom, 73 S. W. Rep., 1064; International & G. N. Ry. Co. v. Graves, 59 Texas, 330; Texas & P. Ry. Co. v. Fuller, 24 S. W. Rep., 1090; Gulf, C. & S. F. Ry. Co. v. Abendroth, 55 S. W. Rep., 1122; Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 590. Assumed risk: Ft. Worth, etc., Ry. Co. v. Gilstrap, 61 S. W. Rep., 351; Texas P. C. Co. v. Poe, 74 S. W. Rep., 563; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W. Rep., 210; Webb v. Gulf, C. & S. F. Ry. Co., 65 S. W. Rep., 684; International & G. N. Ry. Co. v. Story, 62 S. W. Rep., 130; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 632; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732; Galveston, H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Williams v. Delaware, L. & W. Ry. Co., 116 N. Y., 628; Lovejoy v. Boston & L. Ry., 125 Mass., 79; Quill v. Houston & T. C. Ry. Co., 93 Texas, 616; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 700; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 75; Bradford v. Texas & Pac. Ry. Co., 66 Texas, 732. Distinction between contributory negligence and assumed risk: Texas & N. O. Ry. Co. v. Bingle, 9 Texas Civ. App., 326, approved by Supreme Court in Texas & N. O. v. Bingle, 91 Texas, 287.

[4th assignment]. The court erred in its charge to the jury, and in each and every part thereof, the same being an incorrect and inaccurate statement of the law applicable to the issues and facts of the case.

The third paragraph of the charge was an inaccurate and incorrect statement of the law, especially in view of the fact that the court had failed to advise or instruct the jury as to the meaning of ordinary

care; and further, because such instruction was not predicated upon any assumption ·that plaintiff was relying upon the foreman to protect him against an approaching train; and also because the section foreman rested under no duty, as matter of law, to keep a lookout, for plaintiff's benefit, for approaching trains, or to warn plaintiff of their approach, it being the duty of each member of the gang, including the foreman, ·to keep a lookout for his own safety.

[7th assignment.] The court erred in the sixth paragraph of its charge, and in particular in so much thereof as is as follows: "If, under the circumstances surrounding the plaintiff at the time he received his injuries, if any, he did not realize the danger, and acted as an ordinarily prudent person would have acted under such circumstances, then he is not guilty of negligence nor the assumption of risk, and if you further find from the evidence that the defendant company, its agents and servants, were guilty of negligence, as alleged by plaintiff, which caused directly and proximately his injuries, if any, then you should find for the· plaintiff," because, under said instruction, the liability of the defendant is made to depend, not upon the existence of danger and plaintiff's knowledge of it, but upon the mere fact that plaintiff, even if possessed of knowledge of the approach of the train to the pushcar, did not realize the danger, and acted as an ordinarily prudent person, not realizing the danger, would have acted, when the law is that any person who engages in a given service is presumed to have the capacity to understand the duties of his employment, and to realize not only ordinary dangers incident thereto, but all dangers open and apparent to one in the exercise of ordinary care and such dangers as naturally result from given causes. Said charge is also erroneous because it entirely relieved plaintiff from the exercise of ordinary care, or any care whatever on his part to ascertain the existence of facts from which ·he would have realized the danger. Authorities previously cited; also International & G. N. R. R. Co. v. Hester, 72 Texas, 40.

The court erred in the seventh paragraph of its charge, in which it undertook to state the measure of damages to be applied, the same being an incorrect and inaccurate statement of the law, and an invitation to the jury to assess double damages. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Texas Brewing Co. v. Dickey, 49 S. W. Rep., 935; St. Louis, etc., Ry. Co. v. Smith, 63 S. W. Rep., 1064; see, also, Texas Cent. Ry. Co. v. Brock, (Sup. Ct.), 31 S. W. Rep., 500, and Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 344.

The court erred in refusing to give special instruction number 3, asked by defendant, because plaintiff's own evidence, and that offered by him, subjected him to a suspicion of negligence in remaining on or near the track with knowledge of the approach of the train to the pushcar, and the court should have instructed the jury, as requested, that the burden of proving negligence in the particulars alleged in the petition, and that plaintiff was in the exercise of ordinary care, and did not, by his own act or acts, contribute to the injuries of which he complains, rested upon him. Burden of proof, suspicion of negligence: Gulf, C. & S. F. Ry. Co. v. Hill, 69 S. W. Rep., 136. See, too, 70 S. W. Rep., 103; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; St. Louis S. W. Ry. Co. v.

Martin, 63 S. W. Rep., 1089; International & G. N. Ry. Co. v. Lewis, 63 S. W. Rep., 1091; Denison & S. Ry. Co. v. Carter, 70 S. W. Rep., 322; Missouri Pac. Ry. Co. v. Foreman, 73 Texas, 311.

The court erred in refusing special instruction number 2, asked by defendant, as follows: "You are instructed that it appears, from the uncontroverted evidence, that the plaintiff, Isom Tisdale, knew of the approach of defendant's train to the place of the collision, and it is, therefore, wholly immaterial whether or not the statutory or other crossing signals were given by those in charge of defendant's engine on approaching said place; and you will therefore wholly disregard all evidence to the effect that such signals were not given or were not heard." McDonald v. International & G. N. Ry. Co., 86 Texas, 1; Hoover v. Texas & Pac. Ry. Co., 61 Texas, 505; Galveston, H. & S. A. Ry. Co. v. Ryon, 70 Texas, 56; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 375; Chicago R. I. Ry. Co. v. Houston, 95 U. S., 701; Continental Imp. Co. v. Stead, 95 U. S., 161.

The court erred in refusing to give special instruction number 4, asked by defendant, as follows: "You are instructed that the agents and servants of a railroad company, in charge of a running train, have the right to presume that those in charge of a pushcar on the track ahead of the train will remove the same from the track, or place themselves in a position of safety before a collision occurs; and in this connection you are further instructed that no duty or obligation to stop or to check the train devolves upon those in charge until it becomes apparent that the man or men in charge of the pushcar will not remove the car from the track or themselves from danger. If, therefore, you believe from the evidence that defendant's agents and servants in charge of the train which collided with the pushcar did not, and could not, know that the pushcar would not be removed from the track in time to avert a collision, and that the plaintiff would not remove himself from his position by the pushcar before he or it was struck by the train—until it was too late, by resort to all the agencies and appliances with which the engine and train were equipped, to stop or stay its progress—then you will return a verdict for the defendant." International & G. N. R. R. Co. v. Garcia, 75 Texas, 584; St. Louis & S. F. Ry. Co. v. Herrin, 6 Texas Civ. App., 723, s. c., 26 S. W. Rep., 427; St. Louis & S. F. Ry. Co. v. Christian, 8 Texas Civ. App., 249, 27 S. W. Rep., 933; Houston & T. C. Ry. Co. v. Wallace, 53 S. W. Rep., 77; Saldana v. Galveston, H. & S. A. Ry. Co., 43 Fed. Rep., 864; Kansas City, Ft. W. & M. Ry. Co. v. Cook, 66 Fed. Rep., 122.

Defendant asked, and the court erred in refusing, the following special instruction, number 17: "You are instructed that, while the condition of the weather on the day of the accident complained of, if from the evidence you believe it was foggy, might add to the risks ordinarily incident to the employment in which plaintiff was engaged as a member of the section gang, still the service contracted to be performed was of such a nature as to embrace within its scope foggy as well as clear weather, and the defendant or its agents can not in such case be charged with negligence for having the section gang go out on the track with a pushcar in the performance of their duties on the day of the accident,

even if, from the evidence, you believe the weather was foggy." International & G. N. Ry. Co. v. Hester, 72 Texas, 40, 60 Texas, 403.

Defendant asked, and the court erred in refusing, the following special instruction, number 18: "You are instructed that plaintiff, in accepting employment from defendant as a member of a section gang, not only assumed the risks ordinarily incident to the particular service for which he was employed, but also assumed that he had the capacity to understand the nature and extent of the service and the requisite ability to perform it. If, therefore, you believe from the evidence that plaintiff's injuries were the result of a mere accident, without any negligence on the part of the foreman or of defendant's agents and employes in charge of the train contributing directly and proximately thereto, then you will find for the defendant, although plaintiff may not have had the capacity to understand and appreciate the danger threatened by the approaching passenger train." Same authorities.

Defendant asked, and the court erred in refusing, the following special instruction, number 20: "The jury are instructed that the defendant rested under no duty or obligation to the plaintiff or other sectionmen to notify or advise him or them that a train was late, or of the time it would probably pass the place where he or they were at work. And in this connection you are further instructed that the section hands and other employes engaged on or about the track rest under the duty of maintaining a lookout for trains, and must take notice of the fact that the defendant has the right to send out trains of any character, at any time, without advising or notifying the section hands of such fact."

*B. G. Neighbors* and *A. B. Storey*, for appellee.—If the defendant's servants were negligent in not blowing the whistle or ringing the bell, and the plaintiff was also negligent in not looking and watching the train as it approached, still when the servants of the appellant and the train saw his danger, that he stood with his back to them, it was their duty to stop, or blow such a whistle as would have notified him of his danger, and when the foreman saw his danger it was his duty to notify him to get away from it, no matter how negligent plaintiff might have been in not discovering the danger.

Appellee had a right to expect that the men on the train and his section foreman would fully comply with their duty, in giving the signals and notifying appellee of any danger to him. 74 S. W. Rep., 90; 72 S. W. Rep., 94; International & G. N. Ry. Co. v. McVey, 81 S. W. Rep., 991; Texas & P. Ry. Co. v. Lewis, 26 S. W. Rep., 873; Stephens v. Hannibal & St. J. Ry. Co., 9 S. W. Rep., 591; Texas & P. Ry. Co. v. Lewis, 26 S. W. Rep., 873; Texas & P. Ry. Co. v. Carter, 73 S. W. Rep., 50.

The third section of the court's charge correctly and clearly states the duty under the law of a section foreman to his men as to notice to them and danger known to him, or what, by the exercise of ordinary care, he ought to have known. Texas & P. Ry. Co. v. Lewis, 26 S. W. Rep., 873; Stephens v. Hannibal & St. J. Ry. Co., 9 S. W. Rep., 391; International & G. N. Ry. Co. v. McVey, 81 S. W. Rep., 991; Texas & P. Ry. Co. v. Carter, 73 S. W. Rep., 50; Thompson on Negligence, 575,

975; 66 S. W. Rep., 1111; 86 Texas, 1; 70 Texas, 461; 40 Am. St. Rep., 803, and cases cited.

Section six of the court's charge clearly and correctly states the law applicable to the facts, and was passed upon as correct by this court in the former trial of the case. See International & G. N. Ry. Co. v. Tisdale, 81 S. W. Rep., 347.

The measure of damages given in charge to the jury follows the allegation of the petition, and submits the matter of injury to the jury in the language frequently approved by this court. In Galveston, H. & S. A. Ry. v. Lynch, 55 S. W. Rep., 389, the exact language of the charge is passed upon and approved by the court. 32 S. W. Rep., 783, 40 S. W. Rep., 509.

The burden of proof is upon the plaintiff to show the acts of negligence relied upon by him, and is upon the defendant to show the acts of negligence alleged by it, as contributory negligence is a distinct defense. The only exception to the rule is where, from the plaintiff's evidence, the issue of contributory negligence is raised; and then the courts hold that the jury should not be charged upon the burden of proof at all, but the jury should be left to find the fact from all the evidence. Gulf, C. & S. F. Ry. Co. v. Hill, 70 S. W. Rep., 103; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152.

The statute requires that a whistle be blown at least eighty rods from the crossing, and the bell be rung, and continue to be rung, until the crossing is passed. Revised Statutes, 4507, declares "that the corporation operating such railway shall be liable for all damages which shall be sustained by any person by reason of such neglect." The charge asked by appellant would substitute for the statutory requirement the fact that plaintiff was told of the coming of the train by the foreman. This exact question was decided against appellant in the case of the Missouri, K. & T. Ry. Co. v. Taft, 74 S. W. Rep., 89, in which it was sought to substitute the loud noise made by the train for these signals. See cases there cited.

The court did not err in refusing special instruction number 4, asked by the defendant, because it was upon the weight of the evidence, was not authorized by the pleadings or facts of the case, and is not a correct statement of the law. The engineer and fireman testified, positively, that they did not see the pushcar by reason of the fog, until they were right on it. If the engineer did not see the car until he was on it he could not have acted on the presumption that it would be removed before he got to it, and therefore justify himself under the theory that he did see it, but expected it to be removed in time to avert danger. He therefore did not act upon the presumption that the charge seeks to make, and, if he did not, the charge should not have been given. The rule set out in the charge does not apply to persons rightfully on the track in charge of handcars. See the case of Carter (Texas Civ. App.), 73 S. W. Rep., 50.

The exact charge was asked and refused in the companion case to this under the same evidence (International & G. N. Ry. Co. v. McVey, 81 S. W. Rep., 991), and by this court held to have been correctly refused.

Charges not applicable to any issue in the case are calculated to mis-

lead the jury, and are erroneous.  Baker v. Ashe, 80 Texas, 359; Wichita
L. & C. Co. v. State, 80 Texas, 688; Lumpkin v. Nicholson, 10 Texas
Civ. App., 110; International & G. N. Ry. Co. v. Cook, 16 Texas Civ.
App., 390; Waters-Pierce Oil Co. v. Cook, 6 Texas Civ. App., 578;
Texas & Pac. Ry. Co. v. Grey, 71 S. W. Rep., 316; Galveston, H. & S.
A. Ry. Co. v. Courtney, 71 S. W. Rep., 307.

EIDSON, ASSOCIATE JUSTICE.—This is a suit by appellee against
appellant to recover damages for injuries alleged to have been sustained
by him while in its service as a section hand, in a collision between a
passenger train of appellant and a pushcar, which appellee and other
members of the section gang were endeavoring to remove from the
track.  Appellee claimed that appellant and the foreman of the section
gang were negligent in having the gang upon the track with the push-
car without advising appellee of the approach of the passenger train,
and also that the agents and servants of appellant in charge of the
passenger train were guilty of negligence in failing to signal its ap-
proach to the pushcar, and in negligently and carelessly running into
the same, with knowledge, or means of knowledge, of the presence of
the pushcar on the track, and of appellee by or near the same.

Appellant answered by general demurrer and special exceptions, a
general denial and special answer, interposing the defenses of contribu-
tory negligence and assumed risk.

The trial before a court and jury resulted in a verdict and judgment
for appellee for $3,500.

Appellant's first, second and third assignments of error complain of
the refusal of the court to give to the jury its requested charges num-
bers 1, 7 and 8, which were peremptory instructions to the jury to find
for appellant.  The court did not err in refusing these charges, as there
was sufficient evidence adduced upon the trial to support the allega-
tions of negligence charged against appellant in appellee's petition,
and to support a finding that appellee was not guilty of contributory
negligence.

Appellee alleged in substance that, at the time of his injury, he was
a section hand working under the direction of a section foreman, and,
as was his duty at the time, at the usual hour, was upon the track of
defendant's railroad, engaged in unloading ties from a pushcar on the
track at a point about two hundred and twenty yards south of a
whistling post, and about the same distance north of a public crossing;
that he at the time had no notice of the delayed passenger train about
to pass; that, while so engaged under the direction of his foreman, he
was ordered to get the car off the track, as a train was coming; that he
immediately, with all haste, attempted to obey the order; that four men
were engaged in unloading the car, one at each end, which of necessity
placed him with his back to the foreman, who was north of him on the
track; that when so engaged in attempting to remove said pushcar
from the track, without any notice of danger from the approach of the
engine, he was run into by the engine of a passenger train and injured,
as set out in his petition; that the servants in charge of said train wil-
fully and negligently ran into and upon appellee while he was so en-
gaged, without any notice to him of its approach; that they failed to

ring the bell or blow the whistle, as required by law; that the foreman, under whose direction appellee was at the time engaged in clearing the track for the train to pass, saw and knew of appellee's danger, and negligently and wilfully failed to notify him; that appellee knew of the public crossing where, under the law, appellant was required to blow its whistle and ring its bell; that as he worked he listened for the whistle and the ringing of the bell; that, if appellant had complied with its duty in this respect he would have been notified of the approach of the train in time to have avoided the injury; that he did not hear the bell ring or the whistle blow; that appellant's servants in charge of said train saw, or, by the use or ordinary care, could have seen, appellee on the track for a long distance, and could easily have stopped the train and have avoided the injury, or could have notified the appellee of the approach of the train so that he could have gotten off the track and avoided injury to him; that the section foreman under whom appellee was working saw appellee's danger, and attempted to stop said train by giving to the servants and employes of appellant the usual signals for said train to stop, which signals they saw but refused to obey; that said section foreman knew that the trainmen were disobeying the signals to stop, but negligently and wilfully failed to notify appellee of his danger, thereby causing appellee to be injured as alleged.

These allegations are substantially supported by the testimony of appellee; and as to the failure upon the part of appellant to ring the bell or blow the whistle, as required by law, he is corroborated by other witnesses who testified upon the trial. Evidently McVey, the foreman, saw the train approaching, and thought, when he told his men to hurry up and get the pushcar off, that there would be time to get it off before the train would strike it, or that the trainmen would see the pushcar, and him and his men attempting to get the same off the track, and would slow up and avoid a collision, and, therefore, did not warn the appellee of his danger. The evidence also shows that McVey, seeing that his men were not likely to get the pushcar off the track in time to avoid the collision, went to their assistance, and, while assisting them in the attempt to get the same off the track, the train collided with the pushcar and killed him and injured the appellee, as set forth in his petition. While it was commendable in McVey to thus assume the risk of losing his own life to save the lives of the passengers and employes on the train, still it was his duty to notify the appellee of the danger to which he was being exposed in time for him to have avoided it; and the failure of McVey to so notify him constituted negligence on the part of appellant. (Texas & P. Ry. Co. v. Lewis, 26 S. W. Rep., 873; Stephens v. Hannibal & St. J. Ry. Co., 9 S. W. Rep., 591; Texas & P. Ry. Co. v. Carter, 73 S. W. Rep., 50; International & G. N. Ry. Co. v. McVey, 81 S. W. Rep., 991.)

Appellant's fourth assignment of error is too general to require consideration.

Appellant's fifth assignment of error complains of the third paragraph of the court's charge, which is as follows: "It was the duty of the foreman to exercise ordinary care for the safety of the plaintiff while working under him in unloading the pushcar; and if you find

from the evidence that the section foreman knew the danger to the plaintiff by reason of the near approach of the train, and that he failed to notify him of such danger, and that such action on his part was negligence, as hereinbefore defined, then the defendant would be liable if such negligence caused the injury complained of, unless you further find that the plaintiff knew himself of such danger, or, by the use of ordinary care, could have known."

Appellant's contention is that said paragraph is an inaccurate and incorrect statement of the law, in that the court had failed to advise or instruct the jury as to the meaning of ordinary care, and because such instruction was not predicated upon any assumption that the plaintiff was relying upon the foreman to protect him against the approaching train. In our opinion, said paragraph of the court's charge is a proper and correct statement of the duty, under the law, of a section foreman under the circumstances alleged and proven in this case; and, if appellant desired a specific definition of ordinary care given to the jury, it should have requested same. (Texas & P. Ry. Co. v. Lewis, supra; Stephens v. Railway Co., supra; Railway Co. v. Carter, supra.)

What was said in disposing of the fifth assignment of error disposes of the sixth.

There was no error in the sixth paragraph of the court's charge, complained of in appellant's seventh assignment of error, and hence that assignment is overruled. (International & G. N. Ry. Co. v. Tisdale, 81 S. W. Rep., 347.)

Appellant's eighth assignment of error complains of the seventh paragraph of the court's charge, which is as follows: "If you find for the plaintiff, and allow him damages, you should allow him such sum as you believe from the evidence will compensate him reasonably for the injuries received, if any; and in estimating his damages, if any, you may take into consideration the mental and physical pain and suffering, if any, consequent upon the injuries received, and the reasonable value of time already lost, if any, consequent upon his injuries; and if you believe from the evidence that said injuries are permanent, and will disable him to labor and earn money in the future, then you may, in addition to the above, find such sum as will, if paid now, be a fair compensation for his diminished capacity, if any, to labor and earn wages in the future," upon the ground that the same is an incorrect and inaccurate statement of the law, and an invitation to the jury to assess double damages. We do not agree with the contention of appellant. In our opinion, this instruction properly and correctly submits to the jury the true measure of damages, in view of the pleadings and evidence in this case, and it does not authorize or require the jury to assess double damages upon any matter enumerated therein. (Galveston, H. & S. A. Ry. Co. v. Lynch, 55 S. W. Rep., 389; Galveston, H. & S. A. Ry. Co. v. Waldo, 32 S. W. Rep., 783.)

Appellant's ninth assignment of error complains of the refusal of the court to give its special instruction number 3, which placed the burden upon appellee to prove that, at the time of the injury, he was not guilty of contributory negligence. We think there was no error in this action of the court. The general rule is that the burden is on the defendant to establish contributory negligence; but, in this case, the

court gave no charge to the jury as to the burden of proof on this issue, and the appellant has no reason for complaint. (Gulf, C. & S. F. Ry. Co. v. Hill, 70 S. W. Rep., 103; Railway Co. v. Geiger, 79 Texas, 21; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152.)

By its tenth assignment of error appellant complains of the refusal of the court to give to the jury its special instruction number 2. There was no error in this action of the court, as the testimony tended to show that appellee did not know of the danger he was in on account of the near approach of the train; and, also, he was entitled to the benefit of the signals in his protection, as, at the time of the injury, he was at a point near enough to have heard them, if given as required by the law. (Missouri, K. & T. Ry. Co. v. Taft, 74 S. W. Rep., 89; Railway Co. v. Hester, 72 Texas, 43.)

The court below did not err in refusing to give to the jury appellant's special instruction number 4, because the same does not embody a correct principle of law, in view of the pleadings and evidence in this case. (Carter v. Texas Pac. Ry. Co., supra; International & G. N. Ry. Co. v. McVey, supra.)

There was no error in the refusal of the court to give to the jury the special charges requested by appellant, as shown by its twelfth, thirteenth, sixteenth and seventeenth assignments of error, because the matters to which they relate were fully covered by the general charge of the court and the requested charges given.

There was no error in the refusal of the court to give appellant's requested charge number 17, because the same is argumentative and upon the weight of the evidence.

Appellant's nineteenth assignment of error complains of the refusal of the court to give its special instruction number 18. We overrule this assignment because there was no issue of accident involved in this case.

Appellant's twentieth and twenty-first assignments of error are overruled, because the matters to which they relate are fully covered by special charges numbers 11 and 14, given by the court at appellant's request.

Appellant's special instruction number 15, the refusal to give which is complained of by its twenty-second assignment of error, was fully covered by its special charge number 10 given by the court.

We overrule appellant's twenty-third assignment of error, as the court correctly refused to give its special instruction number 20 to the jury, as the same does not state a correct principle of law, and takes away from the jury the right to pass upon the acts and conduct of the parties, as developed by the evidence, as constituting negligence or contributory negligence.

Appellant's twenty-fourth and twenty-fifth assignments of error are overruled, as, in our opinion, there is ample testimony in the record to support the verdict of the jury; and the amount, in view of the nature and character of the injuries received by appellee, is not excessive.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.